Moses Wells *versus* James S. Brackett.

Of a petition, *filed* after the repeal of the bankrupt act for the benefit of said act, the District Court of the United States had no jurisdiction, although *it was made, signed* and *sworn to*, prior to said repeal, for the purpose of being filed.

A discharge of the petitioner, granted afterwards, upon such petition, is not a bar to a suit against him on a contract debt, due before the signing of such petition.

Assumpsit on a debt due prior to the year 1843. General issue, with brief statement that the defendant on the 26th *day of September*, 1843, filed in the office of the clerk of the District Court of the United States, his petition for the benefit of the bankrupt act, and was afterwards duly discharged upon said petition. To that brief statement, the plaintiff demurs specially, setting forth that the bankrupt act was repealed on the 3d day of March, 1843, several months before the defendant filed his petition in bankruptcy. There was a joinder in the demurrer.

Afterwards the defendant moved for leave to amend his brief statement by inserting in it that the said petition was *made, signed and verified by oath* on the 25th *January*, 1843, for the purpose of being filed.

*S. Titcomb*, for plaintiff.

*J. S. Abbott*, for defendant.

Wells, J. — The defendant has pleaded the general issue, which is joined, and also filed a brief statement of his de-

fence, to which the plaintiff has demurred specially, and the defendant has joined issue on the demurrer.

By our statute, c. 115, § 18, the defendant may give any special matter in defence under the general issue, provided he shall file a brief statement of it, to which the plaintiff, within such time as the Court may direct, may file any counter brief statement of matter in avoidance of what is stated by the defendant in his brief statement. No provision is made for any further extension of the pleadings in such manner. The defendant is not confined to this mode of pleading, but may, at his election, with the general issue, plead any special matter in bar.

By our practice, brief statements are intended to embrace a general exhibition of what the party making them expects to prove, without a precise and formal statement of all the particular facts, necessary to be proved, to establish his positions. They are not, therefore, to be governed by the technical rules, applicable to special pleading.

The parties did not probably intend any further action under the general issue. We are therefore to determine whether the defendant has set forth in his brief statement enough in substance, to constitute a defence.

He states, among other allegations, that on the twenty-sixth day of September, 1843, he filed his petition in the clerk's office of the District Court, for the benefit of the bankrupt act of the United States, and that on the seventh of December, 1847, he received his certificate of discharge.

He moves to amend his brief statement, by inserting an allegation, that his petition was made, signed and verified by oath, for the purpose of being filed, on the twenty-fifth of January, 1843.

The bankrupt act was repealed on the third day of March, 1843, and the repealing act contains this proviso, " that this act shall not affect any case or proceeding in bankruptcy commenced before the passage of this act, &c. but every such proceeding may be continued to its final consummation in like manner as if this act had not been passed."

Was the defendant's petition a case or proceeding in bankruptcy, *commenced* before the passage of the repealing act? It was made before the act was repealed, but not filed in the clerk's office until afterwards.

By the first section of the bankrupt act of 1841, any person, by petition, may apply to the proper court, for the benefit of the act.

The petition was not entered in the District Court until several months after the law was repealed. How many terms of that Court intervened, between the time of making the petition and the entering of it, does not appear.

An action is commenced when the writ is sued out in vacation, but it must be returned at the next ensuing term, and in the mean time, a notice of its pendency must generally be served on the adverse party. Such proceedings are regulated by statute. But the notice of the petition of a person praying to be declared a bankrupt, is made known to those interested by the order of the Court, to which it is presented, and there is no necessity of its previous existence, for any specified time. As it may be filed the moment it is completed, that point of time would be regarded as the commencement of proceedings.

How long can one keep a petition after the law has been repealed, though made before, and then file it? If he can retain it six months, he might do it for any indefinite time. Such could not have been the intention of Congress; if it had, one would suppose, more definite language would have been used, to confer such power, and that the proviso would have referred expressly to the petition.

By the phrase " any case or proceeding in bankruptcy" must be understood some action or proceeding in court, and not any preliminary matter.

The object of the petition is to allow the party to proceed in bankruptcy, that is, in the court having authority to declare one to be a bankrupt.

In the matter of *Joseph Richardson & al.* 2 Story's R. 571, the petition was filed about noon of the day when the act was

repealed. But the repeal in fact, did not take place until the evening of that day. It was determined that the petition was filed before the act was repealed. There is no suggestion, that the case would have been relieved from the difficulty under which it labored, by the mere fact of the existence of the petition at a prior time.

In the matter of *David Howes*, 6 Law Reporter, 297, it is said by PRENTISS, J. that the presenting and filing the petition is deemed to be the commencement of a proceeding in bankruptcy, and as the petition was not filed until the day the repealing act was passed, the proceeding was not commenced in time. In the matter of *Deluis Wellman*, 7 Law Reporter, 25, no modification of the opinion, given, in the matter of *David Howes*, by the same Judge, was made, but a confirmation of it in relation to the doctrine, that a petition could not be filed, on the day when the law was repealed.

But it is contended, that the judgment of the District Court, declaring one to be a bankrupt, is conclusive, and cannot be controverted.

The judgment of a Court having jurisdiction of the subject matter and of the person, is conclusive. But State Courts can be under no obligation to respect the judgments of the Courts of the United States, in those cases, where the latter have no jurisdiction. If there had been no law of Congress, authorizing the District Court to declare a person to be a bankrupt, a judgment to that effect could have no validity, and the same result would take place, if a like judgment should be rendered, after the bankrupt law had been repealed. And where one tribunal is called upon to examine the jurisdiction of another, it must have power to decide upon the fact of jurisdiction, or the inquiry would be useless. Every court rendering a judgment assumes jurisdiction, and although it is expressly made a point of discussion and decision, that circumstance does not preclude other courts from investigating it.

In the case of *Sackett* v. *Andross*, 5 Hill, 327, where the defendant pleaded specially a discharge in bankruptcy, the Court held, that the facts, on which jurisdiction depends, must

be specially alleged, and that the plea failed to show, that the defendant presented the necessary papers to put the Court in motion.

If then, to sustain the jurisdiction, it must appear that those acts were performed, which the law of Congress requires, the repeal of the law itself must put an end to any further proceedings under it.

The petition of the defendant not having been entered in the District Court until the bankrupt law was repealed, the amendment of the brief statement, as requested by the defendant, would be unavailing, if allowed.

*Judgment for the plaintiff.*