TRUSTEES OF MINISTERIAL & SCHOOL FUND IN SOLON *versus* DAVID ROWELL *& als.*

No particular form of a brief statement is prescribed; nor is it required to be subscribed by the defendant or his attorney.

It has always been practically understood that formal words may be omitted in a brief statement; and, if the special matter is so indicated by it, that it may be readily apprehended, it is sufficient.

The defendant was not estopped from availing himself of the statute of limitation, where he signed a note, which then had upon it the attestation of a subscribing witness to the signatures of the other makers of the note, the witness not being present when he signed it; notwithstanding the promisee, in ignorance of the fact, afterwards took it, as and for a note witnessed as to the signatures of all the makers.

ON EXCEPTIONS to the adjudication of TENNEY, C. J., presiding at *Nisi Prius*.

ASSUMPSIT upon a promissory note of which the following is a copy:—                    "Solon, April 17, 1848.

"Value received, we jointly and severally promise to pay Elisha Coolidge, treasurer of the ministerial and school fund for the town of Solon, or his successor in said office, fifty-two dollars and seventy-six cents, on demand, and interest annually.        (Signed)        "Samuel Eaton,

"Attest, Benj. F. Eaton.        "Jona. Eaton,

"David Rowell."

The interest had been paid annually and indorsed upon the note.

Rowell only defended; the other defendants were defaulted. Plea, the general issue, with a brief statement as follows:—"And for brief statement pleads the statute of limitations." The plaintiffs replied by counter brief statement, that "the [defendant's] brief statement is not such as to present any ground of defence other than under the general issue.

2. "That the note in suit was signed by the defendants in presence of an attesting witness, to wit," &c.

3. "That the note was signed by the defendants Samuel

and Jonathan Eaton, in the presence of an attesting witness, to wit, Benj. F. Eaton; that it was then carried to said Rowell, who signed it, thereby adopting said attesting witness, as an attesting witness to his own signature, and afterwards carried to said Coolidge, who received the note as and for a note signed by all the defendants, in presence of an attesting witness, and with the full belief that it was such a note, and paid the money therefor under such belief and upon the credit of said Rowell, and with no knowledge that said Rowell was surety, and with no knowledge or suspicion that it was not signed by all of the defendants, but with the full belief that it was signed by all the defendants in the presence of the attesting witness, until after the commencement of this suit. Wherefore the plaintiff claims that said Rowell is estopped from setting up in defence that the note was not signed by him in presence of a subscribing witness."

The parties agreed to submit the case to the Court without the intervention of the jury, with leave to file exceptions.

It was proved, that the note was signed by Samuel Eaton and Jonathan Eaton, and their signatures witnessed by Benj. F. Eaton, since deceased, whose name is on the note as a subscribing witness. Some days after the note was so signed and witnessed, it was carried to David Rowell, the other defendant, who signed the same, the subscribing witness not being present. The note was not for Rowell's benefit; he signed it only as surety, and made none of the payments that were indorsed upon it. After the note was signed by all the makers and the subscribing witness, it was carried to Elisha Coolidge, who paid the money thereon, to whom, or who was present, does not appear in evidence.

Coolidge had no knowledge that Benj. F. Eaton's name was not upon the note as a subscribing witness to the signatures of all the makers thereof, but supposed it to be so; and he never heard, or had reason to suppose, that Benjamin F. Eaton did not witness the signature of said Rowell, until after the institution of this suit.

Upon the facts found as aforesaid, the Court ordered judgment in favor of said Rowell. The plaintiff excepted.

*J. S. Abbott*, in support of the exceptions.

The statute of limitations must be pleaded, by special plea or brief statement. If the brief statement is insufficient, it may be demurred to or disregarded, or it may be stated in reply that it is insufficient. *Day* v. *Frye*, 41 Maine, 326. The brief statement should be signed. *Manning* v. *Labaree*, 33 Maine, 343. Here it is not signed; nor is there any indication by whom it was written. The plaintiffs, among other things, replied that, "the brief statement is not such as to present any ground of defence, other than under the general issue."

The plaintiffs are entitled to judgment under the general issue. In such an action as this, the statute of limitations is not available, unless pleaded specially or by brief statement.

The facts are to be taken in connection with the issues presented; and an issue, upon the statute of limitations, not having been legally presented, no judgment upon such a defence can be rendered for the defendant. The finding of the facts outside the issue will not aid him.

The defendant, Rowell, should be estopped to deny that he signed the note in the presence of the subscribing witness.

Suppose Rowell had been present when the note was delivered to Coolidge, and the money paid over, — and that, on being interrogated, he had told Coolidge he signed the note in the presence of the attesting witness, would he be permitted afterwards to deny it, and rely on the statute of limitations?

It is believed, in such case, Rowell would be estopped. If so, it follows, that there *may* be a case in which the statute of limitations would not be a defence, although the note was not signed in the presence of an attesting witness.

The money was agreed to be loaned, and was loaned, on the name of Rowell, mainly. The note signed by the other

promisors and duly attested, was presented to Rowell for his signature. He signed it, without indicating that Benj. F. Eaton was not an attesting witness to his signature. He thereby adopted the name of the attesting witness, as an attesting witness to his own signature. He put this note into circulation, as and for a note duly attested as to himself, and thereby induced the plaintiffs to part with their money.

His acts should estop him from now setting up the statute of limitations in defence in *this* case, as much as his words in the supposed case.

*J. D. Brown*, for Rowell, replied.

The opinion of the Court was drawn up by

TENNEY, C. J.— This is an action upon a promissory note of hand, purporting to have been signed by all the defendants, upon which is the name of Benj. F. Eaton as a subscribing witness.

The defendant David Rowell, pleaded the general issue, which was joined, and with it the following :—"And for brief statement, pleads the statute of limitations." By a counter brief statement, the plaintiff says "that the brief statement is not such as to present any ground of defence, other than under the general issue."

No particular form of a brief statement is prescribed, nor is it required to be subscribed by the defendant or his attorney. "The general issue may be pleaded in all cases, and a brief statement of special matter of defence filed," is the language of the statute. R. S, c. 82, § 18. It has always been practically understood that formal words may be omitted ; and that, if the special matter is so indicated that it can be readily apprehended, it is sufficient.

The special matter in defence, in this case, was brought to the notice of the plaintiff by the defendant. Rowell's pleadings in terms were concise, but it is difficult to perceive how there could have been any misunderstanding of the intention. No objection was interposed to the evidence introduced by the defendant, for the purpose of showing that

the note in suit was not a witnessed note, so far as it regarded Rowell, and that the attestation of the witness upon the note did not apply to him.

The case finds that Benj. F. Eaton was a witness to the signature of Samuel Eaton and Jonathan Eaton alone; that Rowell, the other defendant, signed the note when the witness was not present; that he was a surety only, and had no benefit from the consideration, and that, of the payments made upon the note, he neither paid nor contributed any part thereof.

The statute of limitations is a bar to this suit against Rowell, if the note is not to be treated against him as a note signed in the presence of an attesting witness. By R. S. of 1841, c. 146, § 7, it is provided that none of the foregoing rules shall apply to any action brought upon a promissory note, which is signed in the presence of an attesting witness. Section 97, c. 81, R. S. of 1857, is similar. The case of *Stone & al.* v. *Nichols & al.*, 23 Maine, 497, we think is in point. That was a case where a party signed the face of the note in the presence of an attesting witness, who put his name upon the note, as such, and the note was delivered to the payee; and, subsequently, the other defendant signed his name on the back of the note, the witness not being present. It was held not to be a witnessed note of the latter. It is immaterial whether the makers are all on the face of the note; if some put their names on the back as makers, they are equally holden. In such case, if all sign in the presence of another, and he writes his name on the note as an attesting witness, it applies to all. *Exceptions overruled.*

*Judgment for the defendants.*

RICE, APPLETON, CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.