**TROUP FEED & FARM SUPPLY COMPANY, Appellant,**

v.

**H. G. NASH, Appellee.**

**No. 432.**

Court of Civil Appeals of Texas.

Tyler.

May 22, 1969.

Rehearing Denied June 12, 1969.

delivered by appellant's employees to appellee covering several years of dealings.

Appellant was in the feed business and appellee was in the dairy business. Appellee purchased feed from appellant in bulk and the same would be delivered by appellant to appellee in trucks driven by appellant's employees. Long after the note was executed, appellee found that the employees of appellant had been stealing appellee's feed, and this brought about the discussion between the parties with reference to the payment of the note. The principal evidence was that of appellee and the owner of the feed business, a Mr. Wilson, as well as the bookkeeper of appellant. At the close of the evidence, the Court submitted the following issues to the jury:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that on or about November 30, 1963, there was a bona fide dispute between Plaintiff and Defendant as to the amount of money owed Plaintiff by Defendant?

"Answer 'We do' or 'We do not'.

"ANSWER      We do.

"If you have answered Special Issue No. 1 'We do', and only in that event, then answer:

"SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that on or about November 30, 1963, Plaintiff and Defendant agreed that the account of Defendant would be credited with a sum equal to five hundred sacks of feed at $2.60 per sack?

"Answer 'We do' or 'We do not'.

"ANSWER      We do.

"If you have answered Special Issue No. 2 'We do', and only in that event, then answer:

"SPECIAL ISSUE NO. 3

"Do you find from a preponderance of the evidence that Plaintiff accepted the

Willis Jarrel, Tyler, for appellant.

Phillips & Owen, Curtis L. Owen, Tyler, for appellee.

SELLERS, Justice.

Appellant, Troup Feed & Farm Supply Company, brought this suit against appellee, H. G. Nash, to recover the balance of a note executed by appellee in favor of appellant dated August 16, 1962. The principal of the original note was the sum of $3,770.29. The note had a credit of $2,470.29 paid on the same on November 30, 1963, leaving a balance of $1,300.00, the amount sued for.

The appellee answered with a general denial of the debt and pleaded in defense of the note, accord and satisfaction, and that the payment on the note was made in full satisfaction of appellee's debt to appellant after the parties settled a dispute between them as to a shortage in the feed

check in the amount of $2,470.29 in full satisfaction of the note?

"Answer 'We do' or 'We do not'.

"ANSWER     We do."

Based upon this verdict, the trial court entered judgment for appellee denying appellant any recovery. From this judgment, the appellant has duly prosecuted this appeal. Appellant's assignments of error all relate to the sufficiency of the evidence to support the jury's answers to the issues submitted. After a careful review of the evidence, this Court is of the opinion that the evidence is sufficient to support the findings of the jury.

▪ The law seems to be settled that the defense of accord and satisfaction may be established against a liquidated demand where there is a valid dispute of the debt between the parties. Industrial Life Insurance Company v. Finley, Tex., 382 S.W.2d 100.

▪ This Court, in an opinion by Chief Justice Dunagan in the case of City of Mesquite v. Rawlins, 399 S.W.2d 162, under a fact situation similar to the facts of this case, held:

"It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the chcek or accept the same burdened by its attached condition. If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account."

Appellant in its Brief admits the evidence raises a fact issue as to a valid dispute of the debt as well as the fact that appellee was entitled to a credit on the note for 500 sacks of feed, but appellant insists there was no evidence of the value of the 500 sacks of feed. The record shows that the value placed on the 500 sacks of feed was arrived at by the bookkeeper at appellee's request, by taking the two feed mixtures which were delivered to appellee, one costing more than the other, and by averaging the cost of both. The bookkeeper came up with the figure of $2.60 per hundred pounds. When this figure is multiplied by 500 sacks, you get the sum of $1,300.00. According to the appellee's testimony, the appellant agreed to the discount and accepted the sum of $2,470.29 in full settlement of the debt, and the jury so found.

▪ Appellant insists there was no agreement by appellant to the settlement. It appears that a part of the discussion of the settlement between appellant and appellee took place in the office of the bookkeeper of appellant. It was her duty to collect for the feed. She accepted the appellee's check and treated it as a full payment of his account. According to appellee's testimony, some four years elapsed after this payment was made before appellant made claim for the balance due on the note. It will be noted that the 500 sacks of feed at $2.60 per sack gives $1,300.00, and this amount when deducted from the face of the note leaves a balance of $2,470.29, and the check given by appellee to settle the note was for that amount. These figures strongly support the appellee's defense of accord and satisfaction since a simple payment on the note would hardly have been broken down into dollars and cents as appellee's payment was. These undisputed facts, the jury had a right to consider in arriving at its verdict.

We are of the opinion the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.