### Bernard GRAFFAM

### v.

### Alphonse GERONDA.

Supreme Judicial Court of Maine.

April 27, 1973.

The plaintiff was a wholesale dealer of oil products. Defendant was the operator of a snowmobile raceway. Sometime in December of 1969 the plaintiff delivered 500 cases of oil to the defendant.

The defendant argued in the District Court that the transaction was a consignment, not a sale. After hearing, the District Court Judge found that the transaction was a sale. This conclusion is not under attack in this appeal.

The purchase price of the oil was $10.00 a case. The defendant sold 42 cases of the oil during the winter of 1969–1970. The remaining 458 cases were returned to the plaintiff and accepted by him without prejudice to his right to assert a claim for loss of profits and freight costs.

The issue before us results from the fact that on March 28, 1970, the defendant wrote a check in the sum of $420.00 payable to the plaintiff. The check bore the legend: *"Full and final payment for product received December 18, 1969."* The District Court Judge found as fact that the plaintiff cashed the check after deleting the legend.

The claim now is, the payment of the $420.00 constituted an accord and satisfaction between the parties and the Justice of the Superior Court was in error in finding otherwise.

Defendant's answer to plaintiff's complaint contained the following:

*"4. The Defendant denies the allegations contained in paragraph 4 of Plaintiff's complaint;*[1] *and the Defendant further says that on March 28, 1970, a check in the amount of $420 was delivered to the Plaintiff Bernard Graffam, the back of said check bearing the following legend: 'Full and final payment for product received December 18, 1969.'*

———◆———

Plaintiff not represented by counsel.

Fred E. Hanscom, Rumford, for appellee.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

This appeal followed the entry of judgment for the plaintiff by a Justice of the Superior Court. The case originated in a District Court which had jurisdiction of the subject matter and the parties. Judgment was there entered for the plaintiff.

We sustain the appeal.

The facts are not in dispute.

[1]. Paragraph 4 of Plaintiff's complaint stated:
"The Defendant owes the Plaintiff the the sum of Two Thousand One Hundred

*Sixty-Two Dollars and Forty ($2,162.-40) Cents, plus costs and interest."*

*The said Plaintiff accepted said check and subsequently cashed the same.*

*"WHEREFORE, Defendant demands that Plaintiff's complaint be dismissed, with costs."*

Defendant claims this raised the issue of accord and satisfaction in the District Court. The presiding Justice of the Superior Court ruled that

*"The issue of accord and satisfaction is being presented to the Superior Court as a claim for relief without a prior ruling thereon by the District Court.*

*". . . the issue of accord and satisfaction appears in Defendant's Answer, not as a specific affirmative defense, but as an allegation of a fact.*

*"Nowhere does it appear in any record of the District Court that the legal principal of Accord and Satisfaction was ever in issue, other than by inference and innuendo."*

Three questions concerning the defense of accord and satisfaction [2] must be answered.

First, were the pleadings sufficient to raise the issue?

Second, does the record indicate that the District Court ruled on the issue?

Third, are the facts, as found by the District Court, sufficient to require a court to rule, as a matter of law, that an accord and satisfaction has been reached thus requiring dismissal of plaintiff's complaint?

⬛ Rule 8(c) M.R.C.P. requires that:

*"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction . . ."*

This requirement is intended to serve the same function as the statutorily required [3]

*"brief statement"* of pre-rule practice. 1 Field, McKusick and Wroth, Maine Civil Practice § 8.6 (2d Ed.1970). We therefore look to pre-rule practice to determine what is intended by the words *"set forth affirmatively."*

The *"brief statement"* required *"no particular form"* and was sufficient if the *"matter is so indicated that it can be readily apprehended."* Ministerial & School Fund v. Rowell, 49 Me. 330, 333 (1860). *"Brief statements"* were *"intended to embrace a general exhibition of what the party making them expects to prove."* Wells v. Brackett, 30 Me. 61, 62 (1849).

With specific regard to the defense of accord and satisfaction, the pre-rule procedure required that

*"A plea of accord and satisfaction must allege not only a clear agreement or accord, but that it was executed by the acceptance of the matter agreed upon in satisfaction."* Young v. Jones, 64 Me. 563, 570 (1873).

⬛ We hold the answer in the instant case provides plaintiff with adequate notice of the defense upon which the defendant relies.

While it did not employ the words *"accord and satisfaction"* such failure cannot be held to defeat the attempt to plead this affirmative defense.

⬛ The requirement that an affirmative defense is to be specially pleaded merely demands that the party intending to make such affirmative plea clearly manifests such intention. To plead as he did clearly and unmistakably gave notice to the plaintiff that the affirmative defense of *"accord and satisfaction"* was being relied upon despite the fact those words were never used.

---

2. 14 M.R.S.A. § 155 provides:
   "*No action shall be maintained on a demand settled by a creditor or his attorney entrusted to collect it, in full discharge thereof, by the receipt of* money or other valuable consideration, however small."

3. R.S.1954, c. 113, § 36. This statute was repealed in 1959, the year in which the Rules of Civil Procedure were adopted.

To hold otherwise in this particular case would be to elevate technical form to a position of superiority over substance. This would be inconsistent with the spirit and purpose of Maine's Rules of Civil Procedure. The admonition of Rule 1 that *"they* [the Rules] *shall be construed to secure the just, speedy and inexpensive determination of every action"* cannot be disregarded. See, 1 Field, McKusick and Wroth, Maine Civil Practice, § 1.7 (2d Ed.1970).

It is now well established that any issue required to be affirmatively raised cannot be raised for the first time before this Court *"save for certain recognized exceptions."* Frost v. Lucey, Me., 231 A.2d 441, 445 (1967).

It is essential that the trial court have an opportunity to make underlying findings of fact necessary for appellate review. Reville v. Reville, Me., 289 A.2d 695 (1972).

In this case the issue was raised as an affirmative defense in defendant's answer.

It was, therefore, properly before the District Court.

The District Court also made findings of fact, pursuant to defendant's request, which included the underlying facts defendant relies upon in prosecuting this appeal. This appeal is unlike that in *Reville* since the Law Court is being asked to review an issue raised at the trial level upon a record containing factual findings upon which the argument on that issue is bottomed.

The remaining question then becomes, do the facts in the record before us establish, as a matter of law, an accord and satisfaction? To so rule as a matter of law

"*. . . it must appear that the only permissible inference to be drawn from . . . all the . . . facts and circumstances as to the tender and acceptance of the check . . . that it was tendered by the defendant to the plaintiff upon the condition that, if he accepted it, his acceptance of it would be a full satisfaction of his claim . . . and that it was tendered under such circumstances, or accompanied with such declarations, that the plaintiff knew, or was bound to know therefrom, that it was tendered on such condition."* Fuller v. Smith, 107 Me. 161, 165–166, 77 A. 706, 708 (1910).

See also, Wiggin v. Sanborn, 161 Me. 175, 210 A.2d 38 (1965).

In Larsen v. Zimmerman, 153 Me. 116, 135 A.2d 270 (1957), the defendant had paid his creditor by a check bearing the legend *"By endorsement the check is accepted as full payment of the following account"* and beneath that legend appeared the word *"final."* The facts of that case revealed that a single unliquidated claim existed between the parties. Since there could be no confusion over the claim for which the check was intended as payment, the only question was whether the legend on the check sufficiently set forth defendant's intention that the check was not to be cashed unless it was acceptable as final settlement of the claim. This Court held that the condition was clearly stated and that plaintiff, by cashing the check, executed an accord and satisfaction as a matter of law.

In Wiggin v. Sanborn, supra, the condition was stated by employing the words *"final"* and *"in satisfaction of all claims."* Since the transaction in question was an automobile accident, it was held that all liability, whether for property damage or personal injury, would be recoverable as a single claim in one action. When the plaintiff accepted and cashed a check for damage to his automobile he completed an ·accord and satisfaction as to his claim because of the notation on the check itself of the condition under which it was proffered. This Court held that the condition was clearly stated and that plaintiff, by cashing the check, executed an accord and satisfaction as a matter of law.

The legend on the check given Graffam by Geronda states the condition of acceptance as clearly as did the legends on the checks in Larsen v. Zimmerman and Wiggin v. Sanborn, supra.

In this case too, there was but a single claim.

The sale of oil to Geronda gave Graffam a single cause of action and would have provided him with a single recovery.

The instant case cannot be distinguished from *Larsen* and *Wiggin*.

This case is factually distinguishable from cases relied upon by plaintiff, in which it was found there was no accord and satisfaction as a matter of law. The legend in Fuller v. Smith, supra, was directed at a single claim and could not be held a bar to a suit on another claim. In Farina v. Sheridan Corp., 155 Me. 234, 153 A.2d 607 (1959), the legend stated *"in full"* but additional correspondence between the parties raised an issue as to the understanding, and whether it was mutual.

■ The course of permissible conduct open to plaintiff when he received defendant's check was succinctly set forth by Chief Justice Williamson in his dissenting opinion in *Farina* as follows:

> *"The law gave the plaintiffs the choice of accepting the check on defendant's terms or of returning it."* 155 Me. at 248, 153 A.2d at 615.

Graffam had no right to unilaterally strike the condition and cash the check. He must be held to have accepted the check under the stated condition. The facts thus establish, as a matter of law, that an accord and satisfaction had been attained.

The entry must be,

Appeal sustained.[4]

4. Both appellant and appellee, in designating portions of the record on appeal, included memoranda of law filed in the Courts below. These memoranda have no place in the record and in taxing costs on appeal, the cost of including this material must be borne by the parties making the improper designation.