**STULTZ ELECTRIC WORKS**

v.

**MARINE HYDRAULIC ENGINEERING CO.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1984.

Decided Dec. 6, 1984.

Ernest L. Manderson (orally), Gorham, for plaintiff.

Preti, Flaherty & Beliveau, Robert Checkoway (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Defendant, Marine Hydraulic Engineering Co., appeals from an order of the Superior Court, Cumberland County, affirming the District Court's (Portland) order granting the motion of the Plaintiff, Stultz Electric Works, for summary judgment for the balance of a debt found owed by the Defendant. The Defendant argues that the Superior Court erred in affirming the order for summary judgment because a check issued by the Defendant to the Plaintiff contained a "settlement in full" notation which created a binding accord and satisfaction upon the Plaintiff's deposit, notwithstanding the "reservation of rights" language added to the instrument by the Plaintiff at the time of its endorsement.

We agree with the Defendant and vacate the judgment.

On September 21, 1982, the Plaintiff had brought suit against the Defendant in District Court, claiming $14,931.99 to be due on the Defendant's account with the Plaintiff for goods sold and delivered between March 31, 1982 and May 7, 1982. The District Court had authorized an attachment on the Defendant's property, other than real estate, for $14,931.99 plus interest and costs, on October 20, 1982. This order had been entered in District Court on November 3, 1982, the same day that the Plaintiff had filed an amendment to its complaint which added an alternate count for the sum of $14,274.25.

During the pendency of the proceedings, the Defendant on December 13, 1982, issued a check to the Plaintiff for $10,738.04. On the back of this check the Defendant wrote the following:

"Endorse only as settlement in full all claims Stultz Electric Works verses [sic] Marine Hydraulic Engineering Co., Inc."

The Plaintiff, however, did not endorse and deposit the check until it inscribed thereon:

"Endorsed and deposited under protest without prejudice and with a reservation of our rights to the balance of."

The Plaintiff thereafter entered a motion for summary judgment in District Court on January 28, 1983, seeking $3,536.21, the balance that it claimed remained due after receipt of the Defendant's check. The Defendant then filed with the District Court a memorandum of law in opposition to the Plaintiff's motion and in support of its own motion for summary judgment. In support of the latter motion, the Defendant filed the affidavit of Robert Crowe, President of the Defendant corporation, indicating that Crowe intended the restrictive language on the check to operate as notice of full and final payment of amounts claimed to be owed by the Defendant.

Both parties submitted briefs to the District Court and following oral arguments, on February 16, 1983, the Plaintiff's motion for summary judgment was granted and the Defendant's motion denied. The District Court concluded that the Plaintiff had preserved its rights under 11 M.R.S.A. § 1–207 (1964) and thereby prevented an accord and satisfaction when it endorsed the Defendant's check. The Defendant promptly entered an appeal to the Superior Court.

Four months later, the Superior Court ordered the case remanded to the District Court for entry of a final judgment, the District Court having failed to specify the amount of the judgment to be entered for the Plaintiff. On remand the District Court entered an order against the Defend-

ant for $3,536.21 and the Defendant thereupon appealed to the Superior Court.

The Superior Court affirmed the District Court's order and remanded the case to the District Court for entry of judgment consistent with the original order of the District Court. The Superior Court determined that the language regarding "full settlement," inserted by the Defendant on its check, did not operate as an accord and satisfaction because the "reservation of rights" statement placed on the instrument by the Plaintiff was effective pursuant to 11 M.R.S.A. § 1–207 (1964).

The Defendant seasonably entered this appeal to the Law Court.

 We have consistently found that a check bearing language that indicates "full and final payment" or "in satisfaction of all claims" creates an accord and satisfaction [1] when cashed or deposited by the payee. *See e.g., Graffam v. Geronda,* 304 A.2d 76 (Me.1973); *Wiggin v. Sanborn,* 161 Me. 175, 210 A.2d 38 (1965); *Larsen v. Zimmerman,* 153 Me. 116, 135 A.2d 270 (1957). It is clear that the burden is on the party asserting the affirmative defense of accord and satisfaction to show by a preponderance of the evidence that an accord and satisfaction has transpired. *Wiggin,* 161 Me. at 175, 210 A.2d at 38.

 In analyzing the language on an instrument that allegedly creates an accord and satisfaction, we have focussed primarily on whether such language has provided the payee with sufficient notice of the payor's intent. *Graffam,* 304 A.2d at 79–80. This case requires us to carry our analysis

one step further in addressing an issue of first impression for this Court. Specifically, we must decide whether "reservation of rights" language inserted by a payee on an instrument may operate to bar an accord and satisfaction. The Plaintiff would have us find that 11 M.R.S.A. § 1–207 (1964) [2] recognizes a bar to an accord and satisfaction under the facts presented in this case. We disagree with the Plaintiff's interpretation of section 1–207.

A cursory reading of section 1–207 of the Uniform Commercial Code could misleadingly prompt a payee to both disregard a payor's statement of final payment and claim a reservation of rights. At least one court has determined that a careful examination of the language of section 1–207 alone indicates that section 1–207 was not designed to apply to full payment checks. *See Jahn v. Burns,* 593 P.2d 828, 830 Wyo. 1979). According to the Wyoming Supreme Court, the "performance offered" is full payment, and therefore, cannot be "assented to" if the payee is held to have reserved rights to a balance of payment.[3] *Id.* Notwithstanding the fact that such a statutory analysis appears reasonable, we look to the relationship between sections 1–207 and 1–103, the pertinent legislative history, and public policy considerations, in order to lay to rest any contention that section 1–207 alters the common law doctrine of accord and satisfaction.

We first note that the premise set forth in 11 M.R.S.A. § 1–103 (1964) is instructive in interpreting the Uniform Commercial Code as enacted in this State. Section 1–

---

**1.** *See* Hawkland, *The Effect of U.C.C. § 1–207 on the Doctrine of Accord and Satisfaction by Conditional Check,* 74 Comm.L.J. 329, 329–30 (1969) (discussing the common law doctrine of accord and satisfaction).

**2. Performance or acceptance under reservation of rights**
 A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as

"without prejudice," "under protest" or the like are sufficient.
11 M.R.S.A. § 1–207 (1964).

**3.** *See Developments in Utah Law,* Utah L.Rev. 649, 710–15 (1980) (noting the validity of the *Jahn* court interpretation); Note, *Commercial Transactions—Michigan Rejects UCC and Adopts Minority Common Law Standard For Conditional Check Accord and Satisfaction,* 26 Wayne L.Rev. 1067, 1087–88 (1980) (disputing *Jahn* analysis and contending that "manner offered" could be considered the manner offered under the initial agreement).

103 provides that principles of law and equity are not to be displaced unless done so explicitly. Significantly, section 1–207 makes no mention of displacing the common law doctrine of accord and satisfaction and thus should not be interpreted to effectuate such an intent. *See State Dept. of Fisheries v. J–Z Sales Corp.*, 25 Wash.App. 671, 610 P.2d 390, 395 (1980). Furthermore, the official comments to section 1–207 are silent as to the doctrine of accord and satisfaction.

By contrast to Maine's Code Comments to section 1–207, an annotation to New York's section 1–207 specifically refers to suing for a balance of payment and has led the New York courts to apply section 1–207 to bar the doctrine of accord and satisfaction. *See e.g., Braun v. C.E.P.C. Distributors, Inc.*, 77 A.D.2d 358, 433 N.Y.S.2d 447 (1980); *Kroulee Corp. v. A. Klein & Co.*, 103 Misc.2d 441, 426 N.Y.S.2d 206 (App. Div.1980); *Hanna v. Perkins*, 2 U.C.C.Rep. 1044 (N.Y.Cnty.Ct.1965). Because we find no similar support in our legislative history, we decline to adopt the analysis applied consistently in the line of New York decisions.

This Court does, however, find the Wisconsin Supreme Court's recent review of section 1–207 to be helpful. In *Flambeau Products Corporation v. Honeywell Information Systems, Inc.*, 116 Wis.2d 95, 341 N.W.2d 655, 658–664 (1984), the Wisconsin Supreme Court, upon finding no Wisconsin precedent on the issue at hand, looked to New York's analysis and found it to be unpersuasive for a number of reasons, including the following: (1) section 1–207 contemplates the performance or continuance of a contract, and accord and satisfaction involves a new contract [4]; (2) the Wisconsin comments to section 1–207 did not adopt the New York Study Commission's annotations; and (3) holding that section 1–207 bars an accord and satisfaction would "impair the long-recognized settlement tool of the full payment check." The court therein concluded that section 1–207 does not alter the common law doctrine of accord and satisfaction.[5] *Id.* at 664. Having already addressed the second point noted above from the *Flambeau* court's discussion, we now turn to the first and third considerations.

■ We abide by standard contract principles in our analysis. We find that an accord "is a *contract* under which an obligee promises to accept a substituted performance in future satisfaction of the obligor's duty." Restatement (Second) of Contracts § 281 (1981) (emphasis added). Under the facts of this case, the Defendant's unambiguous notation of full payment was an offer to create a new contract, an accord. The Plaintiff assented to this offer when it endorsed and deposited the Defendant's check. The Plaintiff's statement regarding a reservation of rights was a counteroffer, an offer to which the Defendant was never provided an opportunity to respond. As a result, there is no acceptable alternative to finding that the Defendant's terms became binding.[6] *See Graffam*, 304 A.2d at 80.

Public policy considerations also weigh very strongly in favor of maintaining the doctrine of accord and satisfaction as an effective compromise tool. If we were to hold today that section 1–207 may operate

4. This point is discussed more clearly in *Chancellor, Inc. v. Hamilton Appliance Co.*, 175 N.J. Super. 345, 418 A.2d 1326, 1329 (1980).

5. *See also Air Van Lines Inc. v. Buster*, 673 P.2d 774 (Alaska 1983); *Eder v. Yvette B. Gervey Interiors, Inc.*, 407 So.2d 312 (Fla.1981); *American Food Purveyors, Inc. v. Lindsey Meats, Inc.*, 265 S.E.2d 325 (Ga.App.1980); *Chancellor, Inc. v. Hamilton Appliance Co.*, 418 A.2d 1326 (1980) (rejecting the use of section 1–207 to bar an accord and satisfaction).

6. Arguably, section 1–207 applies only to situations involving installment deliveries or similar arrangements. *See* Hawkland, *The Effect of U.C.C. § 1–207 on the Doctrine of Accord and Satisfaction by Conditional Check*, 74 Comm.L.J. 329, 331; 1 Spanogle, *Maine Practice: Uniform Commercial Code Forms Annotated* § 1–207, Form 1 (1966).

to bar an accord and satisfaction full payment checks would essentially become obsolete. A debtor wishing to issue such an instrument would unavoidably face the risk that the creditor would accept the check only to subsequently add language reserving rights. Thus, a convenient mode of compromise would disappear and our courts would be forced to resolve disputes that might have otherwise been effectively settled.

Furthermore, we would be ignoring the general purposes set forth in the Uniform Commercial Code if we were to accept the Plaintiff's argument. Section 1–102(2) reveals that the Code policies include "permit[ting] the continued expansion of commercial practices through custom, usage and agreement of the parties...." 11 M.R.S.A. § 1–102(2) (1964). An application of section 1–207 to bar an accord and satisfaction would certainly hinder the development of sound commercial practices by rendering "agreement of the parties" meaningless.

Upon analyzing the relevant statutory language, legislative history, and public policy considerations, we find overwhelming support for determining that in these circumstances section 1–207 does not alter the common law doctrine of accord and satisfaction.

Accordingly, the entry must be:

Judgment vacated.

Remanded to the Superior Court for entry of judgment for the Defendant.

All concurring.

**2. Limitation of Actions** ⚷163(1)