PILECO, INC., Appellant,

v.

HCI, INC., Appellee.

No. 01–87–00030–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 16, 1987.

Rehearing Denied Aug. 13, 1987.

Timothy R. Ploch, J. Mark Kressenberg, Bro & Short, P.C., Houston, for appellant.

M.S. Williams, Gregory L. Hennig, Able, Barrow & Able, Houston, for appellee.

Before EVANS, C.J., and COHEN and HOYT, JJ.

## OPINION

EVANS, Chief Justice.

Pileco, Inc. sued HCI, Inc. on a sworn account for $5,731.81. After suit was filed, but before HCI was served, HCI tendered its check to Pileco for the full amount of the account. The back of the check contained the restrictive notation "By signature hereto, endorser acknowledges full, complete and final settlement of all claims against payer." Pileco typed the words "Under Protest" on the check and cashed it, and also sent a letter to HCI stating that the check was insufficient to cover "statutory interest" in the amount of $232.21. HCI later filed an answer in the suit, alleging that Pileco's acceptance of the check constituted full satisfaction of the disputed claim.

HCI's motion for summary judgment set up the affirmative defense of accord and satisfaction, and asserted a claim for attorney's fees under Tex.Civ.Prac. & Rem.Code Ann. sec. 38.002 (Vernon 1986). Pileco also filed a motion for summary judgment, asserting that it was entitled, as a matter of law, to the aforementioned sum of $232.21, plus attorney's fees.

After hearing, the trial court denied Pileco's motion for summary judgment and granted that of HCI, including HCI's request for attorney's fees. Pileco appeals from that judgment, asserting three points of error. We reform and affirm the judgment.

Pileco argues that HCI did not conclusively establish its defense of accord and satisfaction, because the proof does not show that it intended to compromise its claim for interest and attorney's fees. Pileco argues that a creditor "may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account." As the basis for this quoted proposition, Pileco cites: *Troup Feed & Farm Supply Co. v. Nash*, 442 S.W.2d 408, 410 (Tex.Civ.App.—Tyler 1969, no writ); and *City of Mesquite v. Rawlins*, 399 S.W.2d 162, 168 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.).

Pileco has taken the quoted phrase out of context, and the two cases cited by Pileco actually support the trial court's judgment. The language quoted by Pileco is only the last part of a full sentence contained in a paragraph of the *Mesquite* decision, 399 S.W.2d at 169, which is quoted with approval in the *Troup* case:

> It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition. *If he accepts the check and cashed the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account.*

442 S.W.2d at 410 (emphasis added).

■ Thus, under the established rule, a creditor must repudiate the transaction in toto and return the tendered draft. *Stetson-Preston Co. v. H.S. Dodson & Co.*, 103 S.W. 685 (Tex.Civ.App.1907, no writ). It is not enough for a creditor to merely note on the check that it is accepted "under protest." *First State Bank v. Knapp*, 3 S.W.2d 468 (Tex.Civ.App.—Amarillo 1928, no writ). Nor is it sufficient for the creditor to strike the debtor's condition from the face of the check, *Groves v. Sawyer*, 384 S.W.2d 193, 194 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.), or insert a provision on the check that the check is accepted as part payment only and "without prejudice" to the creditor's claims for full payment of the balance. *Hixson v. Cox*, 633 S.W.2d 330 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

We accordingly overrule Pileco's contentions regarding the applicable rule of law.

Pileco also asserts, for the first time on appeal, that the common law rule of accord and satisfaction has been changed by Tex. Bus. & Com.Code Ann. sec. 1.207 (Tex.U.C.C.) (Vernon 1968), which provides:

> A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest" or the like are sufficient.

■ We have not been referred to a decision of any Texas court that has addressed Pileco's contention. But we note that the courts of several other states have refused to hold that U.C.C. sec. 1–207 displaces the common law doctrine of accord and satisfaction. *See Marton Remodeling v. Jensen*, 706 P.2d 607, 610 (Utah 1985); *Stultz Elec. Works v. Marine Hydraulic Eng'g.*, 484 A.2d 1008, 1011 (Me.1984); *Flambeau Prod. Corp. v. Honeywell Information Sys., Inc.*, 116 Wis.2d 95, 341 N.W.2d 655 (1984); *Air Van Lines, Inc. v. Buster*, 673 P.2d 774 (Alaska 1983); *see also* Annotation, *Application of UCC sec. 1–207 to Avoid Discharge of Disputed Claim Upon Qualified Acceptance of Check Tendered as Payment in Full*, 37 A.L.R. 4th 358 (1985). We agree with the conclusion of the Maine Supreme Court in *Stultz* that the well-established doctrine of accord and sat-

isfaction should not be displaced, except by an express legislative action. *Stultz,* 484 A.2d at 1011; *see also* Tex.Bux. & Com. Code Ann. sec. 1.103 and official comment 1 (Tex.U.C.C.) (Vernon 1968). We therefore overrule Pileco's contention regarding the effect of U.C.C. sec. 1–207 on the common law rule.

The check submitted by HCI to Pileco contained the express restrictive notation that the endorser, by its signature, acknowledged "full, complete, and final settlement of all claims against payer." This constituted "an unmistakable communication" to Pileco that its acceptance of the check constituted full satisfaction of the underlying obligation. *See Jenkins v. Henry C. Beck Co.,* 449 S.W.2d 454, 455 (Tex.1969). HCI supported its motion for summary judgment by the affidavit of its president, Harold Peters, and it also attached to its motion a copy of its check made payable to Pileco, with Pileco's endorsement thereon. We hold that the summary judgment proof established HCI's affirmative defense of accord and satisfaction as a matter of law, *Avent v. Stinnett,* 513 S.W.2d 89 (Tex.Civ.App.—Amarillo 1974, no writ), and that the trial court properly granted the take-nothing summary judgment in favor of HCI.

We accordingly overrule the contentions advanced by Pileco under its first two points of error.

We sustain Pileco's third point of error in which it contends that the trial court erred in awarding attorney's fees to HCI.

■ We find no basis for awarding attorney's fees to a prevailing defendant in a suit on a sworn account under Tex.Civ. Prac. & Rem.Code Ann. art. 38.001 (Vernon 1986). In support of its claim for attorney's fees, HCI cites *Baja Energy, Inc. v. Ball,* 669 S.W.2d 836 (Tex.App.—Eastland 1984, no writ), arguing that attorney's fees may be appropriately awarded on "equitable principles." In *Baja,* the court concluded that attorney's fees might be awarded to a plaintiff who had to prosecute or defend a *prior* action against a third-party solely because the defendant's "wrongful act." 669 S.W.2d at 839; *see also* Com-

ment, *Baja: An Aberration or a Catalyst,* 37 Baylor L.Rev. 812 (1985). The situation discussed in *Baja* is not present here, and we hold that the trial court erred in awarding attorney's fees to HCI.

We reform the judgment of the trial court so as to delete the award of attorney's fees, and as so reformed, the judgment is affirmed.