Judith SOUCIER

v.

John WALL, Jr., et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 1, 1990.
Decided Oct. 18, 1990.

Howard T. Reben, Sunenblick, Reben, Benjamin & March, Portland, for plaintiff.

Martha C. Gaythwaite, Friedman & Babcock, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Judith Soucier appeals from a judgment of the Superior Court (Androscoggin County, *Alexander, J.*) determining that her claim for wrongful discharge against John Wall, Jr., and Sisters of Charity Health Systems, Inc. (the Hospital), was barred by an accord and satisfaction between the parties. In particular, Soucier questions the sufficiency of the evidence supporting the court's decision and challenges two evidentiary rulings. Finding no merit in her contentions, we affirm the judgment.

The record discloses the following pertinent facts:

Soucier was the director of a social program for pregnant adolescents sponsored by the Hospital in Lewiston. On April 2, 1985, Wall, a vice president of the Hospital, advised her to resign. Wall told Soucier that if she resigned voluntarily she would receive, in addition to wages then due and owing, wages for two days that she did not work plus accrued vacation and sick leave pay. Soucier was otherwise not entitled to accrued vacation and sick leave pay because she had been employed for less than six months.

Soucier left employment at the Hospital and obtained counsel to assist her in dealing with what she perceived to be a wrongful discharge. A few days later, she and her attorney met with Wall. Wall renewed the offer to provide Soucier a check for the time she worked and for two additional days that she did not work plus another check for accrued vacation and sick leave if she would resign voluntarily. If this resolution was acceptable to Soucier, Wall said she could cash the checks; if not, she could return them. No decision was reached at this meeting.

Two weeks later, Soucier's attorney telephoned Wall and requested that he send Soucier a check for wages due. Wall agreed to send Soucier two checks—one for the time she had worked and for the two days she had not worked, and the second for accrued vacation and sick leave time noted on the check as "Accrued vacation time/Severance pay." The checks were accompanied by a letter from Wall with the following explanation: "Since the check that covers that time is also part of the settlement with you and is an integral [part] of that settlement (covers two days that you did not work), I am enclosing both checks for your use."

Soucier cashed the first check on April 30, 1985, and the second on or about August 1, 1985. She cashed both checks with the advice of her attorney.

On March 2, 1987, Soucier brought an action in the Superior Court against Wall and the Hospital for wrongful discharge. On February 5, 1990, Wall and the Hospital moved to bifurcate the trial in order to resolve the accord and satisfaction issue separately from the liability issue.[1] The court granted the motion and held a jury-waived trial after which the court found that Soucier and her attorney had fully understood that the second check "was presented as, and intended as, an accord and satisfaction." Consequently, the court determined that her claim for wrongful discharge was barred.

■ We find no merit in Soucier's contention on appeal that the evidence is insufficient to support the court's decision. The party asserting an accord and satisfaction has the burden of showing that an accord and satisfaction has occurred by a mere preponderance of the evidence. *Stultz Elec. Works v. Marine Hydraulic Eng'g*, 484 A.2d 1008, 1010 (Me.1984). "[T]he existence of an accord is a question of fact requiring proof of historical facts constituting evidence of a lawful agreement between two parties, one of whom is to give and the other to accept something of value in satisfaction of an existing obligation." *Emerson v. Sweet*, 432 A.2d 784, 785 (Me. 1981). The agreement does not have to be

1. Accord and satisfaction is an affirmative defense, M.R.Civ.P. 8(c), which ordinarily is deemed waived if not raised by a sufficient pleading in the trial court. *See Clarke v. DiPietro*, 525 A.2d 623, 625 (Me.1987). Although the accord and satisfaction issue was not raised by the pleadings in this case, it was tried with the express or implied consent of the parties and will be treated as if it had been so raised. *See id.;* M.R.Civ.P. 15(b).

express; it may be implied from the circumstances and conduct of the parties. *Fuller v. Smith,* 107 Me. 161, 165, 77 A. 706, 708 (1910).

■ Despite Soucier's contention, we will not disturb the trial court's factual findings when there is competent evidence to support them. *Rice v. Sebasticook Valley Hosp.,* 487 A.2d 639, 641 (Me.1985). It is only when the court finds facts without evidence, or contrary to the only conclusion that may be drawn from the evidence, that there is any error of law. *Lipman Poultry Co. v. State Tax Assessor,* 153 Me. 347, 350, 138 A.2d 631, 633 (1958). The court's findings in this case, made after a non-jury trial at which the court was able to assess the credibility of both Soucier and Wall, are amply supported by competent record evidence. Particularly persuasive is the fact that Soucier retained the check marked "Accrued vacation time/Severance pay" for three months and then she cashed it without reservation and with the advice of her attorney.

Nor do we find any merit in Soucier's assertion that the Superior Court erred by excluding from evidence both the Hospital's corporate organization chart and testimony concerning its employment policies. We agree with the court's determination in each instance that the proffered evidence was not relevant to the central issue: whether Soucier cashed the checks knowing that they had been offered in settlement of her claims against Wall and the Hospital.

The entry is:

Judgment affirmed.

All concurring.