John F. LEONARD, III

v.

Terrance H. GRAY et al.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1996.

Decided Dec. 20, 1996.

Sean T. Carnathan (Orally), Gary D. Vogel, Lambert, Coffin, Rudman & Hochman, Portland, for Plaintiff.

J. Michael Conley (Orally), Tracey G. Burton, Conley & Haley, Bath, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

John F. Leonard, III, appeals from a summary judgment entered in the Superior Court (Sagadahoc County, *Perkins, A.R.J.*) in favor of defendants Terrance H. Gray, Pre–Cast Concrete Products of Maine, Inc., and PSA, Inc., on all counts of Leonard's complaint. Leonard alleges, *inter alia*, that Gray breached a contract in which he promised to share a portion of the profits from the manufacture and sale of a product that Leonard claims he helped develop. The defendants raised as an affirmative defense that an accord and satisfaction barred Leonard's suit. Leonard argues that a genuine issue of material fact exists as to whether he accepted Gray's offer to settle his claim and that Gray is not entitled to a judgment as a matter of law. We disagree, and affirm the judgment.

Leonard was employed by Gray as the general manager of Pre–Cast, a company in Topsham, wholly owned by Gray, that manufactured and sold a variety of precast concrete products. Leonard and Gray decided to develop and market a new product, a plastic leaching chamber that came to be called the "Biodiffuser." In January 1989 Gray decided to incorporate the plastic leaching chamber venture as a separate business. Around the same time, Leonard approached Gray with a proposal to make Leonard a part-owner of the Biodiffuser venture. Gray declined the offer, deciding instead to bring in two outside investors to form PSA, Inc., a corporation in which Gray was the majority shareholder. PSA subsequently manufactured and distributed the Biodiffuser.

During the January 1989 discussion in which Gray declined to include Leonard as a part-owner of the Biodiffuser business, they did agree that Leonard would participate in Gray's share of PSA's profits. The exact terms of their oral agreement are in dispute. Leonard states in his affidavit in opposition to Gray's motion for a summary judgment that he was promised an ongoing share of Gray's gross profits in PSA in exchange for his rights and interest in the Biodiffuser, and in recognition of his efforts in developing the product. Gray counters that he merely offered to expand Leonard's incentive bonus as general manager of Pre–Cast.

In June 1994 Gray terminated Leonard's employment as general manager of Pre–Cast. In September 1994 Leonard sent a letter to Gray expressing his views that he was entitled to a share of PSA's profits and that his work on the Biodiffuser was outside the scope of his employment as general manager of Pre–Cast. Shortly thereafter, Gray wrote back to Leonard stating his position that Leonard was entitled only to an additional payment pursuant to his incentive bonus as general manager of Pre–Cast and not to any ongoing share of Gray's profits in

PSA. With the letter Gray enclosed a check issued by Pre–Cast for $18,120. Gray wrote in his letter that the check "is payment for any and all additional money or obligation due you from Pre–Cast or from me." Over two months later, Leonard cashed the check, qualifying his endorsement by stating that the check was for deposit only in the trust account of his attorney.

On an appeal from a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment was entered to determine whether the record supports the trial court's conclusion that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Simpson v. Central Maine Motors, Inc.*, 669 A.2d 1324, 1325–26 (Me. 1996).

■ The doctrine of accord and satisfaction is codified at 14 M.R.S.A. § 155 (1980), which provides: "No action shall be maintained on a demand settled by a creditor or his attorney entrusted to collect it, in full discharge thereof, by the receipt of money or other valuable consideration, however small." We have said that an accord is a contract under which an obligee promises to accept a substituted performance in future satisfaction of the obligor's duty. *Stultz Elec. Works v. Marine Hydraulic Eng'g Co.*, 484 A.2d 1008, 1011 (Me.1984) (citing RESTATEMENT (SECOND) OF CONTRACTS § 281 cmt. a (1981)). "An accord and satisfaction may exist as a matter of law if 'an amount is tendered on a clear and unambiguous written condition that it be accepted in full settlement of all claims pending between the parties' and that the claimant accepts payment of the amount tendered." *Emerson v. Sweet*, 432 A.2d 784, 785 (Me.1981) (quoting *Wiggin v. Sanborn*, 161 Me. 175, 178, 210 A.2d 38, 39 (1965)). In analyzing language that allegedly creates an accord and satisfaction, we have focused on whether such language has provided the payee with sufficient notice of the payor's intent. *E.S. Herrick Co. v. Maine Wild Blueberry Co.*, 670 A.2d 944, 947 (Me.1996) (citing *Stultz*, 484 A.2d at 1010).

■ The statement in Gray's letter that the accompanying check represented payment for "any and all additional money or obligation due [Leonard] from Pre–Cast or from me" was a clear and unambiguous condition on Leonard's retention of the check. We have consistently held that a check bearing language that states "full and final payment" or "in satisfaction of all claims" creates an accord and satisfaction when cashed or deposited by the payee. *E.S. Herrick*, 670 A.2d at 946 (quoting *Graffam v. Geronda*, 304 A.2d 76, 77 (Me.1973); *Wiggin*, 161 Me. at 177, 210 A.2d at 39). The fact that Gray's condition of acceptance was stated in a cover letter accompanying the check rather than on the check itself is irrelevant because the letter was sufficient to give notice of Gray's intent. *E.S. Herrick*, 670 A.2d at 947 (an accord and satisfaction may be created by cashing a check that is accompanied by a letter containing restrictive language) (citing *Soucier v. Wall*, 581 A.2d 422 (Me.1990)). By cashing Gray's check, Leonard assented to Gray's proposed accord.

The instant case fits squarely within our recent decision in *E.S. Herrick Co. v. Maine Wild Blueberry Co.*, 670 A.2d 944. There the parties had a dispute over the contract price to be paid for blueberries purchased by Maine Wild from Herrick. Maine Wild sent a payment to Herrick with a cover letter stating: "Enclosed is a check . . . representing final settlement for blueberries that Maine Wild purchased from you . . . ." *Id.* at 947. Herrick cashed the check and brought a suit for additional payment. We held that the language of the letter clearly stated Maine Wild's condition on Herrick's acceptance of the check, and that by cashing the check Herrick accepted the condition and executed an accord. *Id.* at 947. Gray's statement that Pre–Cast's check represented "any and all additional money or obligation due," like the language used in Maine Wild's letter in *E.S. Herrick*, left no room to doubt Gray's intention that acceptance of the check was conditioned on it being treated as a full settlement of all claims.

■ Leonard has never argued that Gray's intention in sending the check was ambiguous. Instead, he contends that no accord was formed because his act of depositing the check in the trust account of his

attorney did not constitute acceptance of the money. We disagree. In *Stultz Elec. Works v. Marine Hydraulic Eng'g Co.*, 484 A.2d 1008, the defendant issued a check to the payee on which appeared the condition that the check was "settlement in full" of all claims. *Id.* at 1009. The payee cashed the check, but attempted to reserve its rights by inscribing on the check: "Endorsed and deposited under protest without prejudice and with a reservation of our rights...." *Id.* We held that the payor's unambiguous notation of full payment was an offer to create an accord, and that by endorsing and depositing the check the payee assented to the offer. *Id.* at 1011. In *Graffam v. Geronda*, 304 A.2d at 77, the defendant issued a check to the payee that bore the words "Full and final payment for product received...." The payee deleted the words before cashing the check. We held that the defendant's condition of acceptance was clearly stated, and that the payee's only options were to accept the check on the defendant's terms or return it. *Id.* at 80. Thus, in *Graffam*, because the payee cashed the check, he was held to have accepted it subject to the written condition. *Id.* Leonard's actions in this case are controlled by *Stultz* and *Graffam*. On receiving the check, he was given the choice of either accepting it on Gray's terms or returning it. Because he cashed the check, Leonard must be held to have accepted it subject to Gray's conditions. *See also* RESTATEMENT (SECOND) OF CONTRACTS § 281 cmt. d (a creditor cannot generally avoid the consequences of his exercise of dominion over the debtor's check by a declaration that he does not assent to the condition attached by the debtor).

 Leonard argues that even if we find an accord and satisfaction as a matter of law, it would extend only to his claims against Gray individually and Pre–Cast, not to Leonard's claims against PSA for *quantum meruit*, unjust enrichment, and conversion. This is so, Leonard contends, because Gray's letter stated the payment was only on behalf of himself and Pre–Cast, not PSA. Leonard's contention is without merit. By his own account, he dealt his rights and interest in the Biodiffuser to Gray in exchange for a share of Gray's profits from the product. Gray was free at that point to transfer to PSA the right to manufacture and sell the Biodiffuser, disposing of any contention that PSA wrongfully derived benefit and exercised control over Leonard's interest in the product. Leonard's appropriate redress was the contract remedy he pursued in his suit against Gray. For the reasons previously discussed, that remedy was compromised by an accord and satisfaction.

The entry is:

Judgment affirmed.

All concurring.