These appeals are from a judgment entered in an action brought by the plaintiff, Marton Remodeling, to foreclose a mechanic's lien which it had filed against a house and lot owned by the defendant, Mark Jensen, for $6,538.12 which it claimed was due it for remodeling. Judgment was entered on a jury verdict for $1,538, together with $1,000 punitive damages, and attorney fees of $5,950.24. The trial court remitted the award of punitive damages and reduced the attorney fees by 50 percent to $2,976.12. Jensen appeals from that judgment in case No. 18400, and in case No. 18401, Marton appeals, seeking to reinstate the award of punitive damages and recover the full amount of attorney fees awarded by the jury.
Jensen engaged Marton Remodeling in a "time and materials" contract to remodel his house. When Marton presented the final bill for $6,538.12, Jensen contended that the number of hours claimed was excessive. He offered to pay $5,000 because he considered the services were worth that amount, but Marton refused the offer. Nevertheless, Jensen sent Marton a $5,000 check with the following condition placed thereon: "Endorsement hereof constitutes full and final satisfaction of any and all claims payee may have against Mark S. Jensen, or his property, arising from any circumstances existing on the date hereof." Marton wrote a letter to Jensen refusing to accept the check in full payment and demanded the balance. When Jensen made no further payment, Marton filed a mechanic's lien on Jensen's property and cashed the check after writing "not full payment" below the condition. This action was then brought by Marton to recover the $1,538 balance plus punitive damages and attorney fees.
Jensen contends that the trial court erred in refusing to direct a verdict in his favor because, as a matter of law, Marton's cashing of the $5,000 check constituted an accord and satisfaction that could not be altered by the words added to the condition placed thereon by Jensen. We agree.
Viewing the evidence in the light most favorable to Marton Remodeling, there was an accord and satisfaction as we have defined that term in the previous cases decided by this Court.See Sugarhouse Finance Co. v. Anderson, Utah, 610 P.2d 1369
(1980); Tates, Inc. v. Little America Refining Co., Utah,535 P.2d 1228 (1975); Bennett v. Robinson's Medical Mart, Inc.,18 Utah 2d 186, 417 P.2d 761 (1966); Ralph A. Badger Co. v.Fidelity Building Loan Association, 94 Utah 97, 75 P.2d 669
(1938); Ashton v. Skeen, 85 Utah 489, 39 P.2d 1073 (1935).
Marton asserts that there was not an accord and satisfaction because Marton was unquestionably entitled to the $5,000 represented by the check, and the only dispute was whether any further amount was owing. He cites Bennett v. Robinson's MedicalMart, Inc., supra, in support of that reasoning. That reliance is misplaced because that case did not involve a single claim as in the instant case. In Bennett, a salesman who was paid only commissions on sales made by him was put on a fixed monthly salary by his employer. When he terminated his employment two months later, he demanded payment of his fixed monthly salary then due him plus unpaid commissions on sales allegedly made by him prior to the change. He also sought reimbursement of stock payments. His employer gave him a check for the amount of the fixed monthly salary then due him, which he cashed, bearing the statement that it was "payment in full of the account stated below — endorsement of check by payee is sufficient receipt." This Court viewed the salesman as having two claims: one for his fixed monthly salary which was not in dispute and another claim for his commissions about which there was a dispute. The amount of the check covered only the fixed monthly salary and did not purport to relate to the claim for commissions. We held that the plaintiff's *Page 609 
cashing of the check in those circumstances could not constitute an accord and satisfaction of the claim for commissions. We cited Dillman v. Massey Ferguson, Inc., 13 Utah 2d 142,369 P.2d 296 (1962), which also involved two claims, in support of our decision. The Alaska Supreme Court in Air VanLines, Inc. v. Buster, Alaska, 673 P.2d 774 (1983), held that a single claim, including both its disputed and undisputed elements, is unitary and not subject to division so long as the whole claim is unliquidated.
Marton is not aided by Allen-Howe Specialties v. U.S.Construction, Inc., Utah, 611 P.2d 705 (1980). There, the cashing of a check representing a progress payment on a contract was held not to be an accord and satisfaction of all amounts owing up to that time. At the time the progress payment was made, there was no dispute and, unlike the instant case, it was not tendered as the last payment of the contract where finality and settlement is usually sought and intended.
Thus, neither of those cases is dispositive here where we are confronted with a single unliquidated claim, viz., the balance owing on a "time and materials" contract. Instead, the general rule applies, which is that an accord and satisfaction of a single claim is not avoided merely because the amount paid and accepted is only that which the debtor concedes to be due or that his view of the controversy is adopted in making the settlement.Air Van Lines, Inc. v. Buster, supra; North American Union v.Montenie, 68 Colo. 220, 189 P. 16 (1920); Stanley-ThompsonLiquor Co. v. Southern Colorado Mercantile Co., 65 Colo. 587,178 P. 577, 4 A.L.R. 471 (1919); 1 C.J.S. Accord andSatisfaction § 32 (1936). Corbin on Contracts § 1289 approves the rule and states that it is supported by the greater number of cases, citing as good examples Miller v. Prince Street ElevatorCo., 41 N.M. 330, 68 P.2d 663 (1937), Treat v. Price,47 Neb. 875, 66 N.W. 834 (1896), and Fuller v. Kemp, 138 N.Y. 231,33 N.E. 1034 (1893).
It is of no legal consequence that Marton told Jensen upon receipt of the $5,000 check that he did not regard it as payment in full. Marton could not disregard with immunity the condition placed on the check by Jensen by writing "not full payment" under the condition. It is true that there is not an automatic accord and satisfaction every time a creditor cashes a check bearing a "paid in full" notation. Smoot v. Checketts, 41 Utah 211,125 P. 412 (1912). An accord and satisfaction requires that there be an unliquidated claim or a bona fide dispute over the amount due.Ashton v. Skeen, supra. Payment must be tendered in full settlement of the entire dispute and not in satisfaction of a separate undisputed obligation, as in Bennett v. Robinson'sMedical Mart, Inc., supra. Payment cannot be given merely as a progress payment, as in Allen-Howe v. U.S. Construction, Inc.,supra. However, when a bona fide dispute arises (the existence of which Marton does not dispute in this appeal) and a check is tendered in full payment of an unliquidated claim as we have here, arising out of a "time and materials" contract, the creditor may not disregard the condition attached. Corbin on Contracts § 1279 explains:
 The fact that the creditor scratches out the words "in full payment," or other similar words indicating that the payment is tendered in full satisfaction, does not prevent his retention of the money from operating as an assent to the discharge. The creditor's action in such case is quite inconsistent with his words. It may, indeed, be clear that he does not in fact assent to the offer made by the debtor, so that there is no actual "meeting of the minds." But this is merely another illustration of the fact that the making of a contract frequently does not require such an actual meeting.
(Footnote omitted.) Restatement (Second) of Contracts § 281 is to the same effect and provides the following illustration:
 6. A contracts with B to have repairs made on A's house, no price being fixed. B sends A a bill for $1,000. A honestly disputes this amount and sends a letter *Page 610 
explaining that he thinks the amount excessive and is enclosing a check for $800 as payment in full. B, after reading the letter, indorses the check and deposits it in his bank for collection. B is bound by an accord under which he promises to accept payment of the check in satisfaction of A's debt for repairs. The result is the same if, before indorsing the check, B adds the words "Accepted under protest as part payment." The result would be different, however, if B's claim were liquidated, undisputed and matured.
(Citation omitted.) See Miller v. Prince Street Elevator Co.,supra, Wilmeth v. Lee, Okla., 316 P.2d 614 (1957), and Graffamv. Geronda, Me., 304 A.2d 76 (1973), for cases where it was held that a creditor cannot avoid the consequences of his exercise of dominion by a declaration that he does not assent to the condition attached by the debtor. The last cited case succinctly stated the law to be, "The law gave the plaintiffs the choice of accepting the check on defendant's terms or of returning it."
Marton contends that under U.C.A., 1953, § 70A-1-207, it avoided the condition placed on the check by Jensen when it added the words "not full payment." Marton asserts that those were words of reservation of rights recognized by section 70A-1-207. Without deciding whether the wording added by Marton could be so interpreted, no authority is cited by Marton that section70A-1-207 applies to a "full payment" check. Of the authorities which we have found, the better reasoned hold that our section70A-1-207 (which is identical to section 1-207 of the Uniform Commercial Code) does not alter the common law rules of accord and satisfaction. See Flambeau Products Corp. v. HoneywellInformation Systems, Inc., 116 Wis.2d 95, 341 N.W.2d 655 (1984);R.A. Reither Construction, Inc. v. Wheatland Rural ElectricAssociation, Colo. App., 680 P.2d 1342 (1984); Stultz ElectricWorks v. Marine Hydraulic Engineering Co., Me., 484 A.2d 1008
(1984); Air Van Lines, Inc. v. Buster, supra; Les Schwab TireCenters of Oregon, Inc. v. Ivory Ranch, Inc., 63 Or. App. 364,664 P.2d 419 (1983); Connecticut Printers, Inc. v. Gus Kroesen,Inc., 134 Cal.App.3d 54, 184 Cal.Rptr. 436 (1982); MilgramFood Stores, Inc. v. Gelco Corp., 550 F. Supp. 992 (W.D.Mo. 1982); Pillow v. Thermogas Co. of Walnut Ridge,6 Ark. App. 402, 644 S.W.2d 292 (1982); Eder v. Yvette B. Gervey Interiors,Inc., Fla.App., 407 So.2d 312 (1981); Chancellor, Inc. v.Hamilton Appliance Co., 175 N.J. Super. 345, 418 A.2d 1326
(1980); Brown v. Coastal Trucking, Inc., 44 N.C. App. 454,261 S.E.2d 266 (1980); State Department of Fisheries v. J-Z SalesCorp., 25 Wn. App. 671, 610 P.2d 390 (1980); and Jahn v.Burns, Wyo., 593 P.2d 828 (1979) (noted with approval in RecentDevelopments in Utah Law, 1980 Utah L.Rev. 649, 710); Rosenthal,Discord and Dissatisfaction: Section 1-207 of the UniformCommercial Code, 78 Colum.L.Rev. 48 (1978)). Several courts have stated that if they were to construe the statute to limit accord and satisfaction, it would jeopardize a convenient and valuable means of achieving informal settlements. Les Schwab Tire Centersof Oregon, Inc. v. Ivory Ranch, Inc., supra. The law favors compromise in order to limit litigation. Accord and satisfaction serves this goal. Air Van Lines, Inc. v. Buster, supra. As stated by Judge Corbin in Pillow v. Thermogas Co. of WalnutRidge, supra, "If we were to decide that a creditor can reserve his rights on a `payment in full' check, it would seriously circumvent what has been universally accepted in the business community as a convenient means for the resolution of disagreements."
Our determination that there was an accord and satisfaction obviates the necessity of our consideration of any of the other points raised in either appeal. The judgment in favor of the plaintiff is reversed, and the case is remanded to the trial court to enter judgment in favor of the defendant. Costs on appeal are awarded to defendant.
HALL, C.J., and DURHAM, J., concur. *Page 611 
STEWART, J., dissents.
ZIMMERMAN, J., does not participate herein.