Richard F. BRIMLEY, Plaintiff
and Appellant,

v.

Joseph S. GASSER, Jr., Defendant
and Respondent.

No. 870154–CA.

Court of Appeals of Utah.

May 13, 1988.

Wynn E. Bartholomew (argued), Midvale, for plaintiff and appellant.

Don B. Allen (argued), Ray, Quinney & Nebeker, Salt Lake City, for defendant and respondent.

Before GREENWOOD, JACKSON and DAVIDSON, JJ.

## OPINION

DAVIDSON, Judge:

Plaintiff Richard Brimley appeals from the district court's order which: 1) granted defendant Joseph Gasser's motions for satisfaction of judgment and relief from judg-ment; and 2) refused Brimley's motion that he was entitled to certain personal property of Gasser's which Brimley had purchased at a sheriff's sale.

Although the parties to this appeal share a lengthy history, it is sufficient to begin on May 1, 1981, when Brimley obtained a default judgment against Gasser in the amount of $36,650.00, with interest accruing at the rate of eight percent per annum. For one year Gasser ignored the judgment and paid nothing. Then, on May 29, 1982, Gasser executed a promissory note payable to Brimley in the amount of $41,501.62 with interest accruing at eighteen percent per annum. The note was due "on or before December 31, 1982 said loan to be secured by fifty thousand shares of investment lettered stock in Telecake International, Inc., lender has the option to keep the stock in lew [sic] of payment of said loan." At this time, Gasser represented to Brimley that: 1) the Telecake stock would increase in value so substantially that it would be worth more than the amount due Brimley under the promissory note; and 2) Brimley could retain the Telecake stock instead of accepting Gasser's full payment on the note.

Gasser failed to make any payments to Brimley on the May 1982 promissory note. On April 18, 1986, Brimley's attorneys advised Gasser by letter of his default, and of Brimley's intention to enforce his legal rights under the note. Gasser failed to respond to the April 18, 1986 letter.

On April 28, 1986, Brimley's attorneys advised Gasser that Brimley intended to reject his option to "keep" the Telecake stock instead of demanding payment in full on the note; further, that Brimley was consigning the Telecake stock to a third party for public sale and would apply the proceeds of that sale to reduce Gasser's obligations under the note; and that failure of the Telecake stock sale to generate sufficient funds to satisfy Gasser's note obligations would keep alive the judgment, for which the note was given. The sale of the Telecake stock generated $13,750.00.

Brimley's attorneys then discovered that Gasser possessed an interest in the Gasser

Family Limited Partnership (partnership). Brimley, accordingly, executed on Gasser's interest in the partnership and purchased that interest at a constable's sale on July 15, 1986. The principal asset of the partnership consisted of Telecake stock. After some dispute with the transfer agent over who should be entitled to the Telecake stock in light of the execution sale, Brimley was issued a certificate for 394,515 shares, this representing a 1/9 share of the partnership assets. The certificate was later cancelled by the transfer agent pending disposition on appeal.

In the meantime, Gasser had filed motions for stay of execution, relief from judgment, and satisfaction of judgment. The last two motions were brought before Judge Moffat at the October 29, 1986 hearing.

At that hearing Judge Moffat found:

[T]hat the promissory note dated May 29, 1982 made, executed and delivered by defendant and payable to the order of plaintiff, increased the interest rate expected to be received by plaintiff from defendant, granted other benefits to plaintiff, was supported by adequate consideration and was taken by plaintiff in satisfaction of (or in lieu of) the obligations of defendant theretofore represented by that certain Judgment by Default entered in the above-entitled case on the 12th day of May, 1981....

The court further found that the actions of Brimley evidenced an intention by him to rely upon and act under the provisions of the promissory note and associated pledge of stock. The court made no findings or rulings with respect to defendant's claim that all obligations, including the May 29, 1982 promissory note, were discharged by reason of agreements with plaintiff during early 1986, such evidence being inconclusive. The court ordered Gasser's motions for relief from judgment and satisfaction of judgment be granted; that the default judgment of May 1981 was fully satisfied and discharged and all executions and other proceedings arising therefrom of no effect; and denied Brimley's motion to affirm ownership of personal property.

The standard of review for this case was restated by the Utah Supreme Court in *Katz v. Pierce*, 732 P.2d 92, 93 (Utah 1986) which states: "The district court judge is vested with considerable discretion under Rule 60(b) in granting or denying a motion to set aside a judgment." The Court continues, "[B]efore we will interfere with the trial court's exercise of discretion, abuse of that discretion must be clearly shown." *Id.* at 93.

Utah R.Civ.P. 60(b)(6) states:

On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... the judgment has been *satisfied*, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.... (emphasis added).

Gasser claims the May 1982 note constituted an accord and satisfaction of the May 1981 default judgment. A definition of accord and satisfaction is found in *Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730 (Utah 1985), where the Utah Supreme Court held:

An accord and satisfaction arises when the parties to a contract agree that a different performance, to be made in substitution of the performance originally agreed upon, will discharge the obligation created under the original agreement. The substituted agreement calling for the different performance discharges the obligation created under the original agreement. The elements essential to contracts generally must be present in a contract of accord and satisfaction, including offer and acceptance, competent parties, and consideration.

*Id.* at 732 (citations omitted). The May 1982 note carried an increase in principal of nearly two thousand dollars, a ten percent increase in interest from eight to eighteen percent, new security of fifty thousand shares of Telecake stock, and, finally, a new maturity date. These new factors con-

stitute increased consideration and different performance from the May 1981 judgment. Neither party claims to be incompetent and neither party claims the note to be the result of anything other than negotiation. All the required elements of an accord and satisfaction mentioned above are present.

By accepting the promissory note, Brimley released Gasser from the May 1981 judgment. In effect, the parties reached an accord and satisfaction that discharged the prior judgment and the subsequent executions and proceedings by Brimley on that judgment are therefore void.

Brimley relies on Utah Code Ann. § 70A–3–802(1)(b) (1980) which states:

Unless otherwise agreed where an instrument is taken for an underlying obligation in any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation; discharge of the underlying obligor on the instrument also discharges him on the obligation.

In the present case, Brimley and Gasser had "otherwise agreed" that the May 1982 note would substitute for the 1981 judgment. Thus, section 70A–3–802(1)(b) is not applicable to this case.

The order of the District Court is affirmed.

JACKSON and GREENWOOD, JJ., concur.