**MASONRY EQUIPMENT & SUPPLY,**
**Plaintiff and Respondent,**

v.

**WILLCO ASSOCIATES, INC.,**
**Defendant and Appellant.**

No. 880072–CA.

Court of Appeals of Utah.

June 10, 1988.

John A. Snow, David Black (argued), R. Stephen Marshall, Salt Lake City, for defendant and appellant.

Boyd M. Fullmer, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, GARFF and JACKSON, JJ.

OPINION

DAVIDSON, Judge:

Defendant and appellant Willco Associates (Willco) appeals from findings of fact and conclusions of law entered by the district court and from the judgment against Willco for the principal sum of $8,626.82 together with interest, costs, and attorney fees.

This is a suit on a rental agreement for damages caused to a LC–30 Gerlinger Crawler that was rented by Willco from plaintiff and respondent Masonry Equipment & Supply Company (MESCO). Willco rented the machine from MESCO from December 11, 1981 to March 30, 1982.[1] The

1. Four separate form rental agreements were executed by the parties: December 11, 1981 to January 11, 1982; January 11, 1982 to February 11, 1982; February 11, 1982 to March 11, 1982;

rental agreements provided that the lessee would be responsible for maintenance and repairs to the rental equipment.[2]

MESCO gave Willco repair order No. 1426, dated March 2, 1982, charging Willco $2,390.06 for repairs made by MESCO to the machine's track and a catalytic converter. These repairs were performed before the machine was returned to MESCO. The day the machine was returned MESCO informed Willco that the machine was damaged and Willco would be charged for additional repairs.

Willco's president, Frank Willden, testified that he had two telephone conversations with Matthew Lyman, an officer of MESCO, in which Willden disputed the amount charged under repair order No. 1426. Mr. Willden also disputed that Willco was responsible for any other damages MESCO claimed. Mr. Willden testified he agreed to pay $2,390.00, as indicated on the repair order, so long as MESCO agreed to accept that payment as payment in full, including charges thereon and any other charges or damages. Mr. Lyman testified he did not recall any conversation with Mr. Willden that payment of $2,390.00 would be payment in full of the Willco account. Mr. Willden also testified Willco experienced difficulties with the machine, which caused approximately 80 hours of down time, during which its equipment and employees were idle. MESCO made a number of service calls to the Kennecott job site to work on the machine. Willco was not charged for these calls.

Willco tendered its check in the amount of $2,390.00, dated October 4, 1982. The check was tendered as payment in full, and stated on the back, "Endorsement of this check constitutes payment in full of your account # 2224: Willco Assoc." MESCO accepted and cashed the check.

Approximately three weeks after the check was cashed, MESCO disassembled the machine and inspected it. MESCO thereafter prepared repair order No. 1656

which set the total damages at $8,626.82. Willco refused to pay, claiming MESCO had cashed its check which had been tendered as payment in full for the entire account.

On December 3, 1982, MESCO commenced this action. Trial was held on March 5, 1986. A second hearing was held on April 28, 1986, upon Willco's motion to amend findings of fact and conclusions of law, and Willco's motion in objection to the same. The court entered its judgment May 8, 1986, granting MESCO $8,626.82 as the principal sum, interest on the sum at 12% per annum from March 30, 1982, the date of the return of the equipment, attorney fees in the amount of $1,875.00, and costs. The court refused Willco an offset for any down time. Specifically, the court found in its ruling:

> The evidence in this case, in my judgment, has established by a preponderance that the equipment was damaged and that the defendant is responsible to pay said sums. There is no separate consideration for an accord and satisfaction.... Neither am I persuaded there was a meeting of the minds.... Neither am I persuaded that there was offsetting down time. The defendant continued to rent the machine even as of the 2nd of March of 1982, at which time he signed another form rental agreement and accepted the equipment.

Willco claims, as a matter of law, that an accord and satisfaction had been reached between MESCO and Willco. A definition of accord and satisfaction is found in *Golden Key Realty, Inc. v. Mantas,* 699 P.2d 730 (Utah 1985), where the Utah Supreme Court held:

> An accord and satisfaction arises when the parties to a contract agree that a different performance, to be made in substitution of the performance originally agreed upon, will discharge the obligation created under the original agree-

and March 11, 1982 to March 30, 1982. This was done for accounting purposes.

2. The final rental agreement dated March 11, 1982, provided, "Repairs to be made will be

billed out on separate invoice." This document was signed by Frank Willden on behalf of Willco.

ment. The substituted agreement calling for the different performance discharges the obligation created under the original agreement. The elements essential to contracts generally must be present in a contract of accord and satisfaction, including offer and acceptance, competent parties, and consideration.

*Id.* at 732 (citations omitted). *See also Brimley v. Gasser,* 754 P.2d 97 (Utah App. 1988). This defines the usual case and is the definition applied by the trial court. However, a different definition of accord and satisfaction applies to this case.

The case of *Marton Remodeling v. Jensen,* 706 P.2d 607 (Utah 1985), is remarkably similar to the facts presented here. There, the parties disputed the amount owed by a homeowner on a remodeling project. The homeowner sent a check for the lesser disputed amount with a restrictive condition that read, "Endorsement hereof constitutes full and final satisfaction of any and all claims payee may have against Mark S. Jensen, or his property, arising from any circumstances existing on the date hereof." Even though continuing to dispute the amount owed, the builder cashed the check after writing "not full payment" after the condition. The Utah Supreme Court held that the elements of an accord and satisfaction were present. The Court wrote:

> [A]n accord and satisfaction of a single claim is not avoided merely because the amount paid and accepted is only that which the debtor concedes to be due or that his view of the controversy is adopted in making the settlement.

*Id.* at 609. The Court further stated:

> It is true that there is not an automatic accord and satisfaction every time a creditor cashes a check bearing a "paid in full" notation. *Smoot v. Checketts,* 41 Utah 211, 125 P. 412 (1912). An accord and satisfaction requires that there be an unliquidated claim or a bona fide dispute over the amount due. *Ashton v. Skeen,*

85 Utah 489, 39 P.2d 1073 (1935). Payment must be tendered in full settlement of the entire dispute and not in satisfaction of a separate undisputed obligation, as in *Bennett v. Robinson's Medical Mart, Inc.,* 18 Utah 2d 186, 417 P.2d 761 (1966). Payment cannot be given merely as a progress payment, as in *Allen–Howe v. U.S. Construction, Inc.,* 611 P.2d 705 (1980). However, when a bona fide dispute arises (the existence of which Marton does not dispute in this appeal) and a check is tendered in full payment of an unliquidated claim as we have here, arising out of a "time and materials" contract, the creditor may not disregard the condition attached.

*Id.*

The record in this case shows that there was an existing dispute over the charges assessed against Willco. Willco sent MESCO a check for $2,390.00 with restrictive language stating that Willco's check was tendered as payment in full for its entire account.[3] MESCO accepted and cashed the check and later billed Willco for an additional $8,626.82. In light of *Marton Remodeling,* we find as a matter of law that the parties reached an accord and satisfaction when MESCO accepted and cashed the check. MESCO is not entitled to any additional payment.

Our determination that there was an accord and satisfaction obviates the necessity of considering other issues raised on appeal. The judgment in favor of plaintiff is reversed and the case is remanded to the trial court to enter judgment in favor of defendant. Costs to defendant.

GARFF and JACKSON, JJ., concur.

---

**3.** The endorsement on the check referred to the account of Willco rather than referring to any specific invoice.