JACKSON, Judge
(dissenting):
The decision and order on summary judgment was entered in this case on December 29, 1986. The order denied Mountain Bell’s motion, which asserted the affirmative defense of accord and satisfaction. The motion judge, who did not have before him our recent decisions in Cove View Excavating and Constr. Co. v. Flynn, 758 P.2d 474 (Utah Ct.App.1988), and Masonry Equipment & Supply v. Willco Assocs., Inc., 755 P.2d 756 (Utah Ct.App.1988), ruled that “this case is controlled by Marton Remodeling v. Jensen, 706 P.2d 607 (Utah 1985).” But the springboard for the judge’s legal analysis was that each separate day of work pursuant to the written contract constituted a separate claim. The court expressed “[reluctance] to suggest that more than one claim exists in circumstances where the dispute arises under a single written contract,” but felt compelled by Marton to do so.
The motion judge stated, “In resolving this matter, the court cannot artificially bifurcate a single dispute in determining” whether there had been an accord and satisfaction. Contrary to that statement, the court did more than bifurcate the claim. The court treated the matter as one of multiple claims, i.e., each day’s work was a claim. Thus, he considered the work on each of the thirty-one disputed days to support a separate claim for relief. I consider that premise untenable.
While the lower court did not have the benefit of Cove View and Masonry Equipment, my colleagues do. They have nonetheless elected to completely ignore those opinions — as well as the lower court’s reliance on Marton, a decision the majority opinion tucks away in a footnote — and engage in a “mutual assent” analysis.
*421 I would rely on Cove View, where, as in this case, the parties simply disagreed over the total amount to be paid on a contract. The $8,613 check was tendered by Mountain Bell with the following condition attached, with the emphasis in the original:
Based on the above identified billing discrepancies [sic] we have enclosed a check for $8613.00 which is payment in full for' satisfaction of contracted services. If you are not willing to accept that sum, $8613.00 in full satisfaction of sums due, DO NOT negotiate the check, for upon your negotiation of that check, we will treat the matter as fully paid.
This language clearly asserts a dispute over billing discrepancies, states three times that $8,613 is being tendered as full payment, and warns against negotiating the check. What more could Mountain Bell say to set up an offer of accord and satisfaction? Although the offer was found in Mountain Bell’s letter, not on the check itself, Estate Landscape admitted knowing that the express conditions in the letter related to the $8,613 check, which it had received separately but had not yet negotiated. A creditor may not disregard the condition attached to a check tendered in full payment of a disputed claim. Cove View, 758 P.2d at 478 (citing Marion Remodeling, 706 P.2d at 609). Although the majority mysteriously finds “no indication” of Estate Landscape’s assent to the offer of accord, negotiation of the $8,613 check was itself a conclusive manifestation of assent, resulting in an accord and satisfaction as a matter of law regardless of its subjective intent. See id.
Estate Landscape negotiated the check. That is the end of the matter. I would reverse.