**TESCO AMERICAN, INC., a Utah corporation, Plaintiff and Appellant,**

v.

**Richard T. LETHER, d/b/a Utah Machine Tool Exchange, Defendant and Appellee.**

**No. 930762–CA.**

Court of Appeals of Utah.

Dec. 9, 1994.

---

Ellen Maycock, David C. Wright, Kruse, Landa & Maycock, Salt Lake City, for appellant.

Francis J. Nielson, Arnovitz, Smith & Nielson, Salt Lake City, for appellee.

Before BENCH, BILLINGS and WILKINS, JJ.

## OPINION

WILKINS, Judge:

Tesco American, Inc. (Tesco) appeals the summary judgment of the trial court in favor of Utah Machine Tool Exchange (Utah Machine). Based on undisputed facts, the trial court found an accord and satisfaction of Tesco's claim against Utah Machine. Tesco argues on appeal that when applied to the undisputed facts of this case, section 70A–3–607 of the Utah Code establishes as a matter of law that there was no accord and satisfaction. We reverse and remand.

## FACTS

On May 27, 1992, Tesco paid Utah Machine $15,000 for certain used machinery. Utah Machine failed to deliver the machinery because it could not obtain the machinery from its supplier. A few months later, Tesco demanded from Utah Machine a refund of the $15,000, plus interest, attorney fees, and $622 incurred by Tesco for air fare to inspect the machinery. Utah Machine responded by proposing a schedule to refund the original $15,000. Not satisfied with this response, Tesco filed suit against Utah Machine.

Shortly thereafter, Utah Machine received the machinery from its supplier. Tesco secured an Order for a Prejudgment Writ of Replevin. Three days later, during a court hearing on this issue, Utah Machine stated that it would be willing to refund the $15,000 immediately. Tesco instructed Utah Machine to deliver a check to Tesco's counsel. On the back of the $15,000 check Utah Machine wrote, "payment in full repayment on # 6046 per court." Tesco's president, William S. Brugger, endorsed the check and deposited the $15,000.

Tesco continued its lawsuit and filed an amended complaint seeking compensatory damages of $15,000, incidental and consequential damages, attorney fees and costs incurred in the prosecution of the action, and an award of exemplary and punitive damages. After a hearing on Utah Machine's motion for summary judgment, the trial court accepted Utah Machine's defense of accord and satisfaction and dismissed Tesco's amended complaint.

## ISSUE AND STANDARD OF REVIEW

■ The issue on appeal is whether the trial judge correctly concluded that the parties effected an accord and satisfaction of Tesco's claim against Utah Machine, precluding any further recovery by Tesco. The facts in this case are undisputed. We are

asked to review the trial court's conclusion of law based on those facts. In so doing, we are also asked to interpret section 70A–3–607 of the Utah Code. Accordingly, we review the judgment for correctness, granting no particular deference to the trial court. *State v. Pena*, 869 P.2d 932, 936 (Utah 1994); *State v. Larsen*, 865 P.2d 1355, 1357 (Utah 1993).

## ANALYSIS

■ From April 23, 1990, to July 1, 1993, section 70A–3–607 of the Utah Code read:

> The negotiation of an instrument marked "paid in full," "payment in full," "full payment of a claim," or words of similar meaning, or the negotiation of an instrument accompanied by a statement containing such words or words of similar meaning, *does not establish an accord and satisfaction* which binds the payee or prevents the collection of any remaining amount owed upon the underlying obligation, *unless the payee* personally, or by an officer or employee with actual authority to settle claims, *agrees in writing* to accept the amount stated in the instrument as full payment of the obligation.

Utah Code Ann. § 70A–3–607 (1990) (emphasis added). This statutory provision was in effect at all times relevant to the appeal before us.[1]

While this provision of the commercial code was in effect, Tesco's president, William Brugger, negotiated the check from Utah Machine marked "payment in full repayment on # 6046 per court." Section 70A–3–607 provides that the negotiation of a check with "payment in full" language is not an accord and satisfaction that binds the payee, unless the payee or authorized employee agrees in writing to accept the amount as payment in full. Tesco argues that since there was no agreement in writing to accept the $15,000 check as full payment of Utah Machine's obligation, there was no accord and satisfaction of Tesco's claim.

Utah Machine responds that the check itself constitutes the necessary written agreement to accept the check as full payment because Tesco's president, William Brugger, signed the back of it. Utah Machine contends that section 70A–3–607 was intended only to preserve claims in situations in which a check is sent to an institutional "lock box" and is endorsed and negotiated by an employee with no authority to settle claims. Because Tesco's president signed the check with "payment in full" language, Utah Machine argues that an accord and satisfaction was effected both under section 70A–3–607 and the common law.[2]

■ An appellate court's "primary responsibility in construing legislative enactments is to give effect to the Legislature's underlying intent." *West Jordan v. Morrison*, 656 P.2d 445, 446 (Utah 1982). In fulfilling this responsibility, however, "[t]he general rule of statutory construction is that where the statutory language is plain and unambiguous, we do not look beyond the language's plain meaning to divine legislative intent." *Horton v. Royal Order of the Sun*, 821 P.2d 1167, 1168 (Utah 1991). In the present case, the language of section 70A–3–607 is not

---

1. Section 70A–3–607 was repealed by 1993 Utah Laws, ch. 237, § 62, effective July 1, 1993. The law of accord and satisfaction by use of an instrument is now codified as § 70A–3–311, which reads in part:

> (1) If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, the amount of the claim was unliquidated or subject to a bona fide dispute, and the claimant obtained payment of the instrument, the following subsections apply.
> (2) Unless Subsection (3) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect

that the instrument was tendered as full satisfaction of the claim....

Utah Code Ann. § 70A–3–311 (Supp.1994).

2. Prior to the enactment of § 70A–3–607, the negotiation of a check with restrictive language *would* effect an accord and satisfaction. *See Estate Landscape & Snow Removal Specialists v. Mountain States Tel. & Tel. Co.*, 844 P.2d 322, 330 (Utah 1992) (adjudicating on facts that predated 1990 enactment of § 70A–3–607, the court held that when a check is tendered under condition that negotiation will constitute full settlement, mere negotiation of the check constitutes acceptance of accord and satisfaction); *Marton Remodeling v. Jensen*, 706 P.2d 607, 609 (Utah 1985).

subject to more than one reasonable interpretation.

Utah Machine urges us to accept the interpretation that the check itself could not serve as an accord and satisfaction under 70A–3–607, as it could have under prior case law, *unless* the check is endorsed by "the payee personally, or by an officer or employee with actual authority to settle claims" as it was in the present case. Under such a reading, section 70A–3–607 could only address cases in which a check was sent to an institutional "lock box" and was endorsed and negotiated by an employee with no authority to settle claims. If the Legislature meant to address only this scenario, it could have easily done so in plain language. For example, the statute could have stated that the negotiation of an instrument does not establish an accord and satisfaction unless the payee personally, or an officer with authority to settle claims, *endorses the instrument.*

On the other hand, Tesco argues that the only reasonable interpretation is that the agreement "in writing" contemplated by section 70A–3–607 is a writing other than simple endorsement of the check itself. Section 70A–3–607 provides that the "negotiation of an instrument" with restrictive language is not an accord and satisfaction without an agreement in writing. Mr. Brugger's signature on the back of the check was an endorsement—necessary to negotiate the instrument. *See* Utah Code Ann. § 70A–3–202 (1990).[3] Therefore, to hold that Mr. Brugger's signature—required to negotiate the check—served to convert the check into a written agreement to accept the amount as payment in full would render most of the terms of section 70A–3–607 meaningless.

Section 70A–3–607 provides that when a party negotiates a check with "payment in full" language, this does not establish an accord and satisfaction unless the party, or an officer with authority to settle claims, *agrees in writing to accept the amount as payment in full.* The Legislature apparently intended to make the evidence of an accord and satisfaction more obvious, in keeping with the prior case law regarding the application of an objective intent standard to

the actions of parties among whom such a dispute arises. *See Estate Landscape & Snow Removal Specialists v. Mountain States Tel. & Tel. Co.,* 844 P.2d 322, 330 (Utah 1992).

We hold that the plain and unambiguous language of section 70A–3–607 requires more than a mere endorsement to effect an accord and satisfaction—a written statement by the payee making clear a mutual assent to an accord and satisfaction of a claim. A separate written agreement would clearly satisfy this requirement, as would a specific notation by the party negotiating the instrument on the instrument itself that an accord and satisfaction is intended. Absent such additional language, an endorsement alone is insufficient. In the present case, there was no agreement in writing to accept the amount as payment in full. Therefore, there was no accord and satisfaction of Tesco's claim according to section 70A–3–607.

■ Without question, there is an important general policy behind the doctrine of accord and satisfaction, "which is to encourage the economical and efficient out-of-court settlement of disputes." *Estate Landscape,* 844 P.2d at 328. But general policy must give way to specific legislative enactments. Section 70A–3–607 gave effect to a legislative judgment which superseded the policy of encouraging out-of-court settlements.

Furthermore, commercial parties, such as Tesco, must be able to rely on the plain meaning of the commercial code to govern their actions. The commercial code allows parties to pursue damages "in addition to recovering so much of the price as has been paid." Utah Code Ann. § 70A–2–711 (1990). In the present case, Tesco merely received the money it had already paid to Utah Machine for machinery it never received. Section 70A–3–607 entitled Tesco to recover its original $15,000 by negotiating a check with "payment in full" language, without foreclosing its breach of contract remedies under the Utah Code, including those described in sections 70A–2–711 and 70A–2–713. *See id.;* Utah Code Ann. § 70A–2–713 (1990).

---

**3.** The current definition of "negotiation" is found in Utah Code Ann. § 70A–3–201 (Supp.1994).

**864**

## CONCLUSION

The plain language of section 70A–3–607 of the Utah Code required a written agreement to accept as payment in full a check marked "payment in full," in order for the negotiation of the check to effect an accord and satisfaction. Merely endorsing a check does not convert the check itself into such a written agreement, even if the check is endorsed by the payee personally, or by an officer or employee with authority to settle claims. Because there was no written agreement in this case to accept the $15,000 check as payment in full, there was no accord and satisfaction of Tesco's breach of contract claim against Utah Machine. Accordingly, we reverse the trial court's summary judgment and remand for further proceedings consistent with this opinion.

BILLINGS and BENCH, JJ., concur.