**Donald ALLRED, Petitioner,**

v.

**UTAH STATE RETIREMENT BOARD, Respondent.**

No. 950433–CA.

Court of Appeals of Utah.

April 4, 1996.

John Walsh, Salt Lake City, for Petitioner.

Kevin A. Howard and Daniel D. Andersen, Salt Lake City, for Respondent.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

GREENWOOD, Judge:

Donald Allred petitions for review of the Utah State Retirement Board's (Board) order limiting the amount of overtime compensation applicable to the calculation of his retirement benefits. We reverse and remand for further proceedings.

## BACKGROUND

Allred was an employee of the Utah Department of Transportation from June 1, 1964, until his retirement on August 1, 1994. In September 1993, Allred received a promotion to the position of Station Supervisor, resulting in a salary increase from $15.07 per hour to $16.56 per hour. In addition, beginning in July of 1993 and continuing until his retirement, Allred worked substantial overtime hours and was paid accordingly.

Upon his retirement, the Utah State Retirement System's Retirement Division (Division) notified Allred of the amount of his monthly retirement benefits. The Division had limited the amount of overtime pay it considered in calculating Allred's retirement benefits, but did not place any limitations on consideration of the salary increase Allred received from his promotion. The Division included only 10% of the increase in overtime pay Allred received after his promotion.

Allred objected to the 10% limitation placed on his overtime compensation in the calculation of his retirement benefits and requested review by the Board's executive director. The executive director reviewed the calculations and determined that the Division had properly applied the relevant provisions of the Public Employees' Noncontributory Retirement Act (the Act) in its computations. *See* Utah Code Ann. §§ 49–3–101 to –802 (1994 & Supp.1995).

On January 9, 1995, Allred requested a hearing to review the Division's calculations, claiming the Division erroneously subjected his overtime compensation to a 10% increase limitation. Accordingly, a hearing was held on February 7, 1995, before a Hearing Officer. On May 19, 1995, the Hearing Officer issued findings of fact and conclusions of law, recommending that no changes be made to the Division's calculation of Allred's retirement benefits.

The Board adopted the Hearing Officer's findings of fact and conclusions of law, affirming the Division's method of calculating Allred's retirement benefits. The Board determined that, pursuant to section 49–3–103(7) of the Act, the amount of overtime compensation utilized in calculating Allred's retirement benefits was properly limited.

## ISSUE AND STANDARD OF REVIEW

The issue on appeal is whether, in accordance with section 49–3–103(7) of the Act, the Board correctly limited the amount of overtime pay included in the calculation of Allred's "final average salary," which, in turn, determined the amount of retirement

benefits payable to Allred.[1] Utah Code Ann. § 49–3–103(7) (1994). Because the facts in this case are undisputed, we are asked only to interpret section 49–3–103(7) of the Act.

In the absence of an express or implied grant of discretion to an agency to interpret statutory language, this court reviews an agency's statutory construction as a question of law under a correction-of-error standard. *Horton v. State Retirement Bd.,* 842 P.2d 928, 931 (Utah App.1992). Under the correction-of-error standard, this court affords no deference to the agency's interpretation or application of statutory terms. *Id.* We will grant relief only if, on the basis of the agency's record, the person seeking judicial review has been substantially prejudiced by an agency's erroneous application or interpretation of the law. Utah Code Ann. § 63–46b–16(4)(d) (1993). In the present case, because there is no express or implied statutory grant of discretion, we review the Board's decision for correctness.

## ANALYSIS

The Legislature's express purpose in enacting the Act was to establish a retirement plan for public employees which provides: "(1) a uniform system of membership; (2) retirement requirements; (3) benefits for employees; (4) funding on an actuarially sound basis; (5) contributions made entirely by employers; and (6) economy and efficiency in public service." Utah Code Ann. § 49–3–102 (1994). The Act also includes a method for calculating an employee's retirement benefits based on an employee's "final average salary." Accordingly, the Act provides that an employee's "final average salary" shall be

> computed by averaging the [employee's] highest three years of annual compensation preceding retirement subject to Subsections (a), (b), and (c).
>
> (a) Except as provided in Subsection (b), the percentage increase in annual compensation in any one of the years

used may not exceed the previous year's salary by more than 10% plus a cost-of-living adjustment. . . .

> (b) In cases where the employing unit provides acceptable documentation to the board, *the limitation in Subsection (a) may be exceeded if:*
>
> . . . .
>
> (ii) *the member has been promoted to a new position;*

*Id.* § 49–3–103(7) (emphasis added). The Act further defines compensation, salary or wages as:

> the total amount of payments made by an employer to an employee for services rendered to the employer, including:
>
> (i) bonuses;
>
> (ii) cost-of-living adjustments;
>
> (iii) payments currently includable in gross income and that are subject to Social Security deductions, including any payments in excess of the maximum amount subject to deduction under Social Security law;

*Id.* § 49–3–103(2)(a). Although certain contributions are explicitly excluded from the Act's definition of compensation, salary or wages, these exclusions are not at issue in this case. *See id.* § 49–3–103(2)(c).

Allred claims that the Board incorrectly applied the 10% increase limitation of section (7)(a) to his overtime compensation in calculating his final average salary. He asserts that because his overtime was the direct result of his promotion, his overtime pay is exempt from the 10% increase limitation under the promotion exception in subsection (b)(ii). The Board responds that the 10% increase limitation applies to Allred's overtime because the overtime and promotion are unrelated, as Allred began to receive substantial overtime two months prior to his promotion. The Board also argues that even if Allred's overtime is directly related to his promotion, the 10% limitation would still be required to effectuate the Act's mandate of

---

1. Allred also argues that section 49–3–103(7)(c) of the Act requires the Board to rely solely on his final and highest annual salary in calculating his retirement benefits. We find this argument to lack merit and therefore do not address it. *State*

*v. Carter,* 776 P.2d 886, 888–89 (Utah 1989) (stating "this Court need not analyze and address in writing each and every argument, issue or claim raised and properly before us on appeal").

maintaining an actuarially sound retirement system.

■ "When interpreting statutes, this court is guided by the long-standing rule that a statute should be construed according to its plain language." *Utah Sign, Inc. v. Department of Transp.,* 896 P.2d 632, 633–34 (Utah 1995). Unless statutory language is "unreasonably confused, inoperable, [ ]or in blatant contradiction to the express purpose of the statute," this court applies the statute's literal wording and does not look beyond the language to ascertain legislative intent. *West Jordan v. Morrison,* 656 P.2d 445, 446 (Utah 1982); *see also Johnson v. State Retirement Bd.,* 770 P.2d 93, 95 (Utah 1988) (stating unambiguous language may not be interpreted so as to contradict statute's plain meaning); *Tesco Am., Inc. v. Lether,* 887 P.2d 860, 862 (Utah App.1994) (stating courts do not look beyond plain and unambiguous statutory language to divine legislative intent). Moreover, " 'pension statutes are liberally construed in favor of the pensioner.' " *Johnson,* 770 P.2d at 96 (quoting *Driggs v. State Teachers Retirement Bd.,* 105 Utah 417, 142 P.2d 657, 663 (1943)).

The plain language of section 49–3–103(2)(a)(iii) of the Act broadly defines compensation, salary and wages to include "payments currently includable in gross income and that are subject to Social Security deductions." Utah Code Ann. § 49–3–103(2)(a)(iii) (1994). Overtime payments clearly qualify as compensation under this provision. Indeed, the Board has conceded that overtime pay is encompassed within this definition of compensation; a contrary conclusion would be in direct opposition to the plain language of the Act.

■ Once compensation has been identified, an employee's "final average salary" is computed by averaging "the highest three years of annual compensation," provided "the percentage increase in annual compensation in any one of the years used may not exceed the previous year's salary by more than 10% plus a cost-of-living adjustment." *Id.* § 49–3–103(7). However, the plain language of section 49–3–103(7)(b)(ii) of the Act explicitly states that the 10% limitation "may be exceeded if ... the member has been promoted to a new position." *Id.* The promotion exception to the 10% limitation on compensation increases contains no further qualifications or exceptions. Therefore, when an employee has been promoted, the total compensation received by the employee at the time of the promotion must be considered in determining the employee's final average salary. The plain meaning of the Act does not allow compensation received in conjunction with a promotion to be subjected to different standards merely because of the character of the compensation. Accordingly, under the plain language of the statute, the Division erred in refusing to consider all of Allred's post-promotion compensation, including overtime pay, in calculating his retirement benefits.

■ The Board's second contention that, in order to comport with the Act's mandate of maintaining the retirement system in an actuarially sound manner, we must apply the 10% limitation to overtime in this case, is not well taken. Under the plain language of the Act, *any* compensation an employee receives after a promotion is not subject to the 10% limitation. The Act's stated purpose of maintaining the retirement system in an actuarially sound manner cannot be used to nullify rights explicitly granted to retirees under the Act. If the Board believes that the current language of the Act produces an actuarially unsound retirement system, the Board should seek relief from the Legislature through an amendment to the Act. Indeed, many other state retirement systems expressly exclude overtime from consideration in determining retirement benefits. *See, e.g.,* Cal.Gov't Code § 20635 (West Supp.1996); Cal.Educ.Code § 22114(b)(2) (West Supp. 1996); La.Rev.Stat.Ann. § 11.403(6) (West 1993); Mass.Ann.Laws ch. 32, § 1 (Law.Co-op.1993); Minn.Stat.Ann. § 352.01(13) (West Supp.1996); Nev.Rev.Stat. § 286.025(3)(a) (Michie 1995); N.M.Stat.Ann. § 10–11–2(T) (Michie Supp.1994); N.D.Cent.Code § 54–52–01(20) (Supp.1995); Okla.Stat.Ann. tit. 74, § 902(9) (West Supp.1996). *Contra* Ariz. Rev.Stat.Ann. § 38–842(6) (West Supp.1995); Mich.Comp.Laws Ann. § 38.1502a(4) (West 1984); Neb.Rev.Stat. § 84–1305 (Supp.1995);

Wash.Rev.Code.Ann. § 41.32.010(10)(b) (West Supp.1996).

Applying the plain language of section 49-3–103(7)(b)(ii) of the Act to this case, we must conclude the Board erred in limiting the overtime pay utilized in calculating Allred's retirement benefits. In addition, the record indicates that Allred was paid more than $1,200 in 1993, and almost $600 in 1994, both of which are unaccounted for as either salary or overtime. Allred claims these amounts represent retroactive pay for his promotion, while the Board's witness at the hearing before the Hearing Officer indicated she did not know what the amounts represented. On remand, the Board should determine the nature of these payments and treat them in accordance with this opinion. We presume these amounts will either be included in Allred's compensation as of the dates they were received or that they mean Allred's date of promotion was earlier than indicated.

## CONCLUSION

██ The plain language of section 49-3–103(7)(b)(ii) of the Act excludes an employee's compensation from the 10% increase limitation when the employee receives a promotion. Regardless of how the compensation is characterized, any compensation an employee receives upon promotion is expressly exempt from the 10% limitation. Because Allred received overtime pay during the same period that he received a promotion, the total compensation Allred earned after the promotion, including all overtime pay, should be considered in calculating his retirement benefits. Accordingly, we reverse the Board's order and remand for further proceedings consistent with this opinion.

BILLINGS and JACKSON, JJ., concur.